**Randy Ray BRENNAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–08–00123–CR.

Court of Appeals of Texas, Dallas.

Feb. 27, 2009.

Rehearing Overruled April 1, 2009.

Dan E. Wood, Jr., Terrell, for Appellant.

Richard Harrison, J. Landon K. Schmidt, Crim. Dist. Atty., Kaufman, for State.

Before Justices BRIDGES, RICHTER, and MAZZANT.

## OPINION

Opinion By Justice MAZZANT.

Randy Ray Brennan was convicted of driving while intoxicated and sentenced to ten years in prison and a $1000 fine. In nine issues, he argues that the statutory county court did not have subject matter jurisdiction over the merits of his case and that he received ineffective assistance of counsel. We affirm the trial court's judgment.

## DISCUSSION

*Jurisdiction*

In his first issue, appellant argues that the trial court did not have subject matter jurisdiction over the merits of his case.

According to the record, on August 12, 2006, appellant was arrested for the offense of driving while intoxicated. The subsequent indictment, which was filed on March 29, 2007, alleged that he had two prior convictions for driving while intoxicated (DWI), thereby elevating the offense to a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon 2003).

Appellant's felony DWI was tried in the Kaufman County Court at Law before twelve jurors. The Kaufman County Court at Law is a statutory county court created in 1993. *See* Act of May 19, 1993, 73rd Leg., ch. 197, § 1, 1993 Tex. Gen. Laws 384, 384–85 (codified at TEX. GOV'T CODE ANN. § 25.1311 (Vernon Supp. 2008)). With certain exceptions not relevant here, section 25.1312 of the Texas Government Code grants the Kaufman County Court at Law subject matter jurisdiction over non-capital felony cases as "provided by the constitution and general law for district courts." TEX. GOV'T CODE ANN. § 25.1312(a),(b) (Vernon Supp. 2008). The relevant provisions are as follows:

(a) In addition to the jurisdiction provided by Section 25.0003 [1] and other law, a statutory county court in Kaufman County has, except as limited by Subsections (b) and (b–1), the jurisdiction provided by the constitution and general law for district courts.

(b) A statutory county court in Kaufman County does not have general supervisory control or appellate review of the commissioners court or jurisdiction of:

(1) felony cases involving capital murder;

(2) suits on behalf of the state to recover penalties or escheated property;

(3) misdemeanors involving official misconduct; or

(4) contested elections.

(b–1) The County Court at Law No. 2 of Kaufman County does not have jurisdiction of civil cases in which the amount in controversy exceeds the limit prescribed by Section 25.0003(c)(1).

*Id.*

The Texas Constitution requires a jury in a felony case to be composed of twelve members. TEX. CONST. art. V, § 13. Article 36.29(a) of the Texas Code of Criminal Procedure likewise contemplates that a jury in a felony case must begin with twelve members. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp. 2008) ("[n]ot less than twelve jurors can render and return a verdict in a felony case"); *see also Hegar v. State*, 11 S.W.3d 290, 294 (Tex.App.-Houston [1st Dist.] 1999, no pet.). This requirement has been in the code of criminal procedure since 1965, long before the Kaufman County Court at Law was created by the legislature. *Compare* Act of June 18, 1965, 59th Leg., vol. 2, ch. 722, 1965 Tex. Gen. Laws 317, 460 (codified at TEX. CODE CRIM. PROC. ANN. art. 36.29(a)) *with* Act of May 19, 1993, 73rd Leg., ch. 197, § 1, 1993 Tex. Gen. Laws 384, 384–85.

Appellant points out that article V, Section 17 of the Texas Constitution requires that "[a] jury in County Court shall consist of six persons. . . ." TEX. CONST. art. V, § 17. Therefore, because a defendant in a felony case must be tried before a jury of twelve persons and the Texas Constitution provides for a jury panel of only six in

1. Section 25.0003 reads as follows:

(a) A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts.

(b) A statutory county court does not have jurisdiction over causes and proceedings concerning roads, bridges, and public highways and the general administration of county business that is within the jurisdiction of the commissioners court of each county.

(c) In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:

(1) civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition; and

(2) appeals of final rulings and decisions of the division of workers' compensation of the Texas Department of Insurance regarding workers' compensation claims, regardless of the amount in controversy.

(d) Except as provided by Subsection (e), a statutory county court has, concurrent with the county court, the probate jurisdiction provided by general law for county courts.

(e) In a county that has a statutory probate court, a statutory probate court is the only county court created by statute with probate jurisdiction.

(f) A statutory county court does not have the jurisdiction of a statutory probate court granted statutory probate courts by the Texas Probate Code.

TEX. GOV'T CODE ANN. § 25.0003 (Vernon Supp. 2008).

county courts, appellant claims the Kaufman County Court at Law did not have subject matter jurisdiction over his felony DWI case.

One problem with appellant's argument is that his DWI case was tried in a statutory county court, not a constitutional county court. "County court" is defined in the government code as "the" court created in each county pursuant to the Texas Constitution's article V, section 15. TEX. GOV'T CODE ANN. § 21.009(1) (Vernon 2004); see TEX. CONST. art. V, § 15 ("There shall be established in each county in this State a County Court, which shall be a court of record."). In contrast, statutory county courts—such as the Kaufman County Court at Law—are defined in the government code as courts created by the legislature pursuant to its power under article V, section 1 of the Texas Constitution. TEX. GOV'T CODE ANN. § 21.009(2); see TEX. CONST. art. V, § 1. The legislature not only has the power to create statutory county courts, but also to prescribe their jurisdiction, which in this case involves subject matter jurisdiction over felony DWI cases. See TEX. CONST. art. V, § 1 (providing that legislature is vested with power to create additional statutory courts and prescribe their jurisdiction); TEX. GOV'T CODE ANN. § 21.009(2) (Vernon 2004) (defining statutory county court as county court created by the legislature under Article V, § 1); see also Act May 19, 1993, 73rd Leg., ch. 197, § 1, 1993 Tex. Gen. Laws 384, 384–85 (codified at TEX. GOV'T CODE ANN. § 25.1312 (Vernon Supp. 2008) (containing specific grant of jurisdiction to Kaufman County Court at Law)). Applying these authorities, it therefore follows that a statutory county court in Kaufman County may empanel twelve jurors to hear a felony DWI case.

Appellant nonetheless argues that section 25.0007 of the government code, which he interprets to provide that a statutory county court exercising concurrent felony criminal jurisdiction with a district court must conform to the number of jurors prescribed for county courts, establishes that the Kaufman County Court at Law cannot empanel more than six jurors. Section 25.0007 reads:

> The drawing of jury panels, selection of jurors, and practice in the statutory county courts must conform to that prescribed by law for county courts, except that practice, procedure, rules of evidence, issuance of process and writs, and all other matters pertaining to the conduct of trials and hearings in the statutory county courts, other than the number of jurors, that involve those matters of concurrent jurisdiction with district courts are governed by the laws and rules pertaining to district courts. This section does not affect local rules of administration adopted under Section 74.093.

TEX. GOV'T CODE ANN. § 25.0007 (Vernon 2004) (emphasis added).

Appellant's argument is unpersuasive, however, because it ignores section 25.0001(a) of the government code. See id. § 25.0001(a) (Vernon 2004); see also AIC Magmt. v. Crews, 246 S.W.3d 640, 644 (Tex.2008) (citing section 25.0001(a)). Speaking directly to conflicts concerning the jurisdiction of statutory county courts, section 25.0001 states that if a general provision "conflicts with a specific provision for a particular court or county, the specific provision controls." See TEX. GOV'T CODE ANN. § 25.0001(a); see also TEX. GOV'T CODE ANN. § 311.026 (Vernon 2005) (stating similar rule in Code Construction Act). Appellant's issue presents such a conflict. Under appellant's interpretation, section 25.0007 conflicts with section 25.1312, the provision that establishes the

jurisdiction of a statutory county court at law in Kaufman County.

Applying section 25.0001(a), we note that section 25.0007 is found in chapter 25 of the government code under subchapter A, entitled "General Provisions." *Id.* § 25.0007. Section 25.1312, which appears in subchapter C, defines the specific jurisdiction of a statutory county court in Kaufman County. *Id.* § 25.1312. It gives "a" statutory county court in Kaufman County concurrent jurisdiction with the district courts to hear all felony criminal cases except those involving capital murder. *Id.* § 25.1312(a),(b). We also note that section 25.1312 is the later enactment, having been first enacted by the legislature in 1993. *See* Act of May 19, 1993, 73rd Leg., ch. 197, § 1, 1993 Tex. Gen. Laws 384, 384–85.[2] Section 25.0007, on the other hand, was enacted in 1987. *See* Act of May 21, 1987, 70th Leg., ch. 148, § 4.01, 1987 Tex. Gen. Laws 611, 613, eff. Sept. 1, 1987. Accordingly, the specific provision that applies only to Kaufman County controls.[3] *See* TEX. GOV'T CODE ANN. § 25.0001(a); *see also* TEX. GOV'T CODE ANN. § 311.026(b). We therefore conclude that the statutory county court in Kaufman County had subject-matter jurisdiction over appellant's felony DWI, including the ability to empanel twelve jurors to hear the case. We overrule appellant's first issue.

**2.** Appellant mistakenly asserts that "[s]ection 25.1312 was enacted in 2005." In fact, the 2005 amendment to sections 25.1311 and 25.1312 authorized the creation of a second statutory county court, the County Court at Law No. 2 of Kaufman County. *See* Act of June 17, 2005, 79th Leg., ch. 776, §§ 1, 2, 2005 Tex. Gen. Laws 2670, 2670–71. As noted previously, the record indicates appellant was tried before the County Court at Law of Kaufman County, the statutory county court created in 1993.

**3.** Appellant also suggests a recent amendment to article 36.29 implicitly nullified any felony jurisdiction granted to the Kaufman County Court at Law by section 25.1312. However,

*Ineffective Assistance of Counsel Claims*

Appellant's remaining issues allege ineffective assistance of counsel. Appellant claims counsel was deficient because he failed to object to rule 404(b) evidence (issue two); ensure that a voir dire record was made (issue three); properly exercise peremptory strikes (issue four); object to the lack of qualifications for "expert" testimony (issue five); request a limiting instruction for the prosecutor's alleged improper closing argument (issue six); investigate any alterations to the video tape of the field sobriety test (issue seven); and present mitigation evidence during punishment (issue eight). Appellant's ninth and final issue alleges cumulative error.

*Standard of Review and Applicable Law*

Appellant was entitled to reasonably effective assistance of counsel. *See* U.S. CONST. AMEND. VI; TEX. CONST. art. I, § 10. The right to counsel, however, does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim.App.2006). To prevail on a claim of ineffective assistance of counsel, the defendant must show (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different.

review of the legislative history shows the amendment, which took effect on September 1, 2007, merely changed article 36.29(d) to read: "After the jury has rendered a verdict on the guilt or innocence of the defendant and, if applicable, the amount of punishment, the court shall discharge an alternate juror who has not replaced a juror." *See* Act of June 15, 2007, 80th Leg., ch. 846, § 2, 2007 Tex. Gen. Laws 1774, 1774–75 (codified at TEX. CODE CRIM. PROC. ANN. art. 36.29(d) (Vernon Supp. 2008)). Thus, the 2007 amendment to article 36.29(d) could not have altered the Kaufman County Court at Law's jurisdiction.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong of *Strickland* requires the defendant to show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). The defendant must prove objectively, by a preponderance of the evidence, that his counsel's representation fell below professional standards. *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App.2002). The second prong requires the defendant to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *see also Thompson,* 9 S.W.3d at 812. "Reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. A failure to make a showing under either prong defeats a claim for ineffective assistance. *Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex.Crim.App.2003).

In determining whether the *Strickland* test has been met, we focus on the totality of the representation afforded and not on individual, alleged errors. *See Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App.1990). The appellant must overcome the presumption that the challenged action might be considered sound trial strategy under the circumstances. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Gamble v. State,* 916 S.W.2d 92, 93 (Tex. App.-Houston [1st Dist.] 1996, no pet.). "[A]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Mallett v. State,* 65 S.W.3d 59, 63 (Tex.Crim.App.2001) (quoting *Thompson,* 9 S.W.3d at 814). We will not speculate to find an attorney ineffective. *Gamble,* 916 S.W.2d at 93. In

addition, isolated instances of errors of commission or omission will not render counsel's performance ineffective. *Robertson,* 187 S.W.3d at 483. The appellate court considers the adequacy of assistance as viewed at the time of trial, not through hindsight. *Id.*

A criminal defense lawyer has a duty to make an independent investigation of the facts of a case, which includes seeking out and interviewing potential witnesses. *Ex parte Welborn,* 785 S.W.2d at 393. "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Wiggins v. Smith,* 539 U.S. 510, 521–22, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052.

Trial counsel should ordinarily be given an opportunity to explain his actions before being denounced as ineffective. *Bone v. State,* 77 S.W.3d 828, 836 (Tex. Crim.App.2002). Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Rylander,* 101 S.W.3d at 110–11. As the Texas Court of Criminal Appeals stated in *Andrews v. State,* "we commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State,* 159 S.W.3d 98, 101 (Tex.Crim.App.2005).

We review a trial court's ruling on a motion for new trial under an abuse-of-discretion standard. *Charles v. State,* 146 S.W.3d 204, 208 (Tex.Crim.App.2004); *Anderson v. State,* 193 S.W.3d 34, 39 (Tex.

App.-Houston [1st Dist.] 2006, pet. ref'd). When, as in this case, the motion for new trial alleges ineffective assistance of counsel, we must determine whether the trial court's determination of the ineffective assistance claim and denial of the motion for new trial was *clearly wrong and outside the zone of reasonable disagreement.* *Freeman v. State,* 167 S.W.3d 114, 116–117 (Tex.App.-Waco 2005, no pet.); *State v. Gill,* 967 S.W.2d 540, 541 (Tex.App.-Austin 1998, pet. ref'd). We do not substitute our judgment for that of the trial court. *Charles,* 146 S.W.3d at 208. We review the evidence in the light most favorable to the trial court's ruling and presume that all reasonable findings that could have been made against the losing party were so made. *Id.* Only if no reasonable view of the record could support the trial court's ruling do we conclude the trial court abused its discretion in denying the motion for new trial. *Id.*

### Silent Record

Noting that four of the grounds appellant raises on appeal for ineffective assistance of counsel—issues two, four, five, and six—were not presented to the trial court in the original motion for new trial, amended motion for new trial, or argued at the hearing, the State contends these claims are procedurally defaulted or, at the very least, that the presumption of sound trial strategy has not been overcome.

In this case, appellant's amended motion for new trial alleged counsel was ineffective because he failed to (1) object to appellant's absence and lack of participation during the exercise of peremptory strikes; (2) strike a member of the venire who lost a loved one to a drunk driver; (3) object to the court's *Allen* charge;[4] (4) object to the stipulation contained in the court's charge; (5) object to the video tape of the stop on the grounds it had been altered; (6) present mitigating evidence during punishment; and (7) contest the legality of the stop by filing a motion to suppress. However, appellant did not litigate in the trial court the following ineffective assistance claims that he now brings on appeal as issues two, four, five, and six: failure to object to rule 404(b) evidence; failure to properly exercise peremptory strikes; failure to object to lack of qualifications for "expert" testimony; and failure to request a limiting instruction for the prosecutor's alleged improper closing argument.

The general rule is that an alleged error must be brought to the attention of the trial court before a complaint can be heard on appeal. TEX. R. APP. P. 33.1. But an ineffective assistance of counsel claim will generally not be foreclosed because of an appellant's inaction at trial. *Robinson v. State,* 16 S.W.3d 808, 809 (Tex.Crim. App.2000). In *Robinson,* the court of criminal appeals gave two reasons for concluding ineffective assistance of counsel claims were not procedurally defaulted. *Id.* First, a defendant is not required to alienate his trial lawyer by raising ineffective assistance of counsel at the time of trial. *Id.* In addition, because many errors are of a technical nature, a defendant may not even know error is occurring and therefore cannot object. *Id.* Second, there is not a generally realistic opportunity to adequately develop the record for appeal in a post-trial motion. *Id.*

Appellant does not dispute that some of his allegations were not presented in the

---

4. *See Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). An *Allen* charge is given to instruct a deadlocked jury to continue deliberating. *See id.* The Texas Court of Criminal Appeals has approved the use of such a charge. *See Howard v. State,* 941 S.W.2d 102, 123 (Tex.Crim.App.1996).

trial court. Citing the *Robinson* court's statement that "a defendant could not, by inaction at trial, waive the right to make an ineffective assistance of counsel claim on appeal," *id.* at 810, appellant argues that his claims are not procedurally defaulted and that *Robinson* "is controlling on the issue of procedural default." He also suggests that the above language from *Robinson* impliedly overrules *Landers v. State*, 110 S.W.3d 617 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd), cited by the State, which appellant argues is a misapplication of the procedural default rule.

We believe that appellant is misinterpreting *Landers*. In *Landers*, the appellant's motion for new trial alleged numerous complaints of ineffective assistance by trial counsel, all of which were disputed in an affidavit. *Id.* at 623. As in the present case, the appellant's motion for new trial did not plead some issues, e.g., ineffective assistance concerning counsel's failure to exercise a peremptory challenge against "an openly biased juror," that were asserted on appeal. *Id.* The court observed that an appellant who chooses to litigate claims of ineffective assistance of counsel in the trial court must present those claims to the trial court in order to preserve them for appeal; the claims not litigated are procedurally defaulted and may not be argued on appeal. *Id.* (citing *Henderson v. State*, 962 S.W.2d 544, 558 (Tex.Crim.App. 1997), and *Robinson*, 16 S.W.3d at 809). The court, however, did not conclude the appellant's issues were not preserved for appellate review. Instead, the court noted that, because the appellant's issues were not pleaded in her motion for new trial, her trial counsel was not put on notice to answer the claims in his affidavit.[5] *Id.* As

a result, the record contained no evidence as to why trial counsel did not exercise a peremptory challenge against the juror in question, and the presumption of sound trial strategy had not been overcome. *Id.*

We reach a similar conclusion in the present case. In the case at bar, as in *Landers*, some ineffective assistance claims were not pleaded in the motion for new trial or developed at the motion for new trial hearing. Consequently, the record contains no evidence as to any possible strategies employed by appellant's trial counsel regarding those claims. To know defense counsel's reasoning concerning these issues would require us to speculate, which we cannot do. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Accordingly, as will be explained in the following paragraphs, the presumption of sound trial strategy has not been overcome as to those issues which were not presented to the trial court in the original motion for new trial, amended motion for new trial, or argued at the motion for new trial hearing.

*Voir Dire Record*

We begin with those issues that were not developed in the trial court. Appellant's second issue claims trial counsel failed to object to portions of the prosecutor's opening and closing statements that he suggests improperly informed the jury of appellant's prior driving-while-intoxicated convictions.

According to the record, appellant stipulated he was the person named in the judgments proving the two previous DWI convictions. As a result, the State was prevented from offering proof of the previous convictions during its case. *See Ta-*

5. The court also noted that an amended motion for new trial was neither presented to

nor heard by the trial court. *Id.*

*mez v. State*, 11 S.W.3d 198, 202 (Tex. Crim.App.2000).

As evidence of trial counsel's ineffectiveness, appellant calls our attention to six statements made by the prosecutor during opening and closing statements that he contends improperly informed the jury of his prior driving-while-intoxicated convictions. In the second sentence of her opening statement, for example, the prosecutor stated, "[T]his [DWI charge] was not an isolated incident for the Defendant. In fact, he had a pattern of this behavior." After providing the dates and locations of two prior DWI convictions, the prosecutor then stated that appellant "was arrested yet again, for driving while intoxicated that occurred on August 12, 2006, in Terrell, Texas, and that's the case we are here on today." In her closing statement on guilt-innocence, the prosecutor stated "the evidence in this case has shown that the Defendant continues to put the public at risk by drinking and driving on roads in Texas." The prosecutor also told the jury, "You have evidence that the Defendant has previously been convicted of driving while intoxicated." A short while later, the prosecutor stated, "The Defendant has a pattern of drinking and driving on roads in Texas. This is not an isolated incident." According to appellant, these statements, to which trial counsel did not object, constituted evidence of appellant's prior DWI convictions and were admissible for no other reason than to prove character-conformity.

 Because appellant did not assert any of these allegations in the motion for new trial, amended motion for new trial, or at the hearing on the motions for new trial, the record is silent as to why counsel did not object. We cannot speculate beyond the record provided and must presume the actions taken by trial counsel were part of a strategic plan for representing his client. *Young v. State*, 991 S.W.2d 835, 837–38 (Tex.Crim.App.1999). We also note that, before this Court may conclude counsel was ineffective for failing to make an objection, appellant must show that the trial court would have erred in overruling the objection. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996). Additionally, when, as in this case, the defendant stipulates to his prior DWI convictions, the prior convictions are the legitimate subject of voir dire, opening statements, and closing arguments. *See Hollen v. State*, 117 S.W.3d 798, 802 (Tex. Crim.App.2003); *Flowers v. State*, 124 S.W.3d 801, 803–04 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd). It is also well-settled that statements made by counsel during opening and closing statements are not evidence. *See, e.g., Bigby v. State*, 892 S.W.2d 864, 886 (Tex.Crim.App.1994). Thus, even if trial counsel had objected, the trial court would not have erred in overruling the objections, and it is not ineffective assistance for counsel to forego making frivolous arguments and objections. *See Edmond v. State*, 116 S.W.3d 110, 115 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd). Given the present record, appellant has not shown that counsel's performance fell below an objective standard of reasonableness.

 Appellant next argues that trial counsel failed to object to the State's improper use of the prior DWI convictions during the guilt-innocence phase of the trial. Appellant points to the State's cross-examination of him as evidence the prosecutor impermissibly attempted to present evidence of the prior convictions for character-conformity purposes. In fact, the record shows the prosecutor, while cross-examining appellant during the defense's case-in-chief, was impeaching the defense's theory that appellant's wife's cancer drove him to drink. Counsel

objected to the prosecutor's line of questioning, noting that a motion in limine was "in place ... regarding the jurisdictional offenses." The trial court sustained the objection and a limiting instruction was included in the court's charge. Consequently, we cannot say, based upon this record, that appellant has demonstrated counsel was deficient or that, if he was, the outcome of his trial would have been different. We overrule appellant's second issue.

### Challenges Outside the Strike Zone

■ Appellant's fourth issue claims that trial counsel used three of his ten peremptory strikes on panel members that were outside of the "strike zone."

According to the record, counsel testified at the hearing that all of the chosen jurors said they could be fair and impartial and that, in his legal opinion, the final jurors "were the best people that we could get on that assignment." However, the record is silent as to why trial counsel used peremptory strikes on jury panel members that were outside of the "strike zone." [6] The court of criminal appeals has noted that the right to trial by impartial jury, like any other right, is subject to waiver or even forfeiture by the defendant in the interest of overall trial strategy. *See State v. Morales*, 253 S.W.3d 686, 697 (Tex.Crim. App.2008); *Jackson*, 877 S.W.2d at 771; *Delrio v. State*, 840 S.W.2d 443, 446 (Tex. Crim.App.1992). Based on the record before us, we conclude that the presumption of sound trial strategy has not been overcome. We overrule appellant's fourth issue.

### Expert Testimony

In his fifth issue, appellant argues counsel was ineffective because he failed to object, based on Texas Rule of Evidence 702, to the lack of qualifications of a State's witness to provide an expert opinion about a normal person's reaction after driving off of the road.

According to the record, the witness, Nathan Fojt, was a passenger in a vehicle traveling on Farm–to–Market Road 429 on August 12, 2006, who saw appellant's vehicle swerve off of the road and into a ditch, and then quickly move back onto the road. Fojt contacted the Kaufman County Sheriff's Department and reported his observations. The relevant portion of the record reads:

Q [PROSECUTOR]: Now, did you, while you were traveling, did you notice anything unusual on the roadway?

A [WITNESS]: Yes, ma'am. I saw a car start swerving, and it went off the roadway, and went into a ditch, and then came back on the road.

Q. And, when you said that you noticed the vehicle swerving, can you describe what you mean by swerving?

A. It just was—it was like just kind of going back and forth and it wasn't a

---

**6.** Appellant attached counsel's strike list to his brief, arguing that since it was referred to by counsel during the motion for new trial hearing we should consider it on appeal. However, the strike list was not offered into evidence at the hearing and it is not found in the clerk's record. Thus, we may not consider it. *See Sur. Ins. Co. of Cal. v. State*, 556 S.W.2d 329, 331 (Tex.Crim.App.1977) (exhibits attached to brief cannot be considered because those papers are not part of the official record); *Wright v. State*, 178 S.W.3d 905, 917 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd) (appellate court could not consider DVD attached to motion for new trial because it was not introduced at new trial hearing). The record of the motion for new trial hearing also shows that counsel merely referred to the strike list in determining whether a biased panel member actually served on the jury. He did not address appellant's allegations as to why some of his strikes were outside of the "strike zone."

windy day so, I mean, it wasn't no reason for somebody just be swerving like that and then that was, you know, somebody might have just been messing around with something in the passenger seat. But, when it got my attention is whenever the car left the roadway in the ditch and then came back on and maintained the speed. Most time people they react to it and they slam on the brakes but, that car didn't, it just kept on and it went straight back on the road.

Because appellant's claim was not alleged in his motion for new trial, amended motion for new trial, or argued at the hearing on the motions for new trial, the record is silent as to any strategies employed by trial counsel. We note, however, that there is no indication in the record Fojt's testimony was offered as expert opinion. At most, it appears to have been lay opinion testimony admissible under rule 701. *See* TEX. R. EVID. 701. Appellant does not challenge trial counsel's failure to assert a rule 701 objection, and it is not ineffective assistance for counsel to forego making frivolous arguments and objections. *See Edmond,* 116 S.W.3d at 115. Based on the record before us, we cannot say appellant has demonstrated that counsel was deficient or that, if he was, the outcome of his trial would have been different. We overrule appellant's fifth issue.

*Prosecutor's Closing Argument*

■ Appellant's sixth issue argues counsel was ineffective because he did not ask for an instruction to disregard when the prosecutor allegedly engaged in improper jury argument.

According to the record, during closing arguments the prosecutor told the jury, as she was discussing whether appellant violated a traffic law when his vehicle left the right side of the road and drifted towards the center of the road, then moved back to the right side of the road as traffic came towards him,

> this is where you see in the video when the officer is coming up behind the Defendant, and he says the Defendant— there's no marked lanes but the Defendant is drifting towards the center of the road. Was the Defendant doing that? Yes. Was that a violation of the traffic code? Yes. And, the officer seemed a little confused about that, so I went and looked it up just to make sure. And, that is a violation of the traffic code. It says—

Trial counsel objected that the prosecutor was "giving law that's not in the Court's charge." The trial court sustained the objection, cautioning the prosecutor not to "argue outside the record." Counsel did not request an instruction for the jury to disregard. The prosecutor then continued her argument:

> The Defendant was not driving on the right side of the roadway. He left the right side, drifted towards the center of the roadway, had to move back to the right side when oncoming traffic came towards him, and that is a violation of the Texas Transportation Code. Now, the officer could use either one of these violations to pull the Defendant over....

Counsel did not lodge any further objections or request additional relief.

■ Appellant argues trial counsel's failure to request further relief means that error was not preserved when (according to appellant) the prosecutor improperly instructed the jury on Texas traffic law. Because this claim was not alleged in appellant's *motion for new trial,* amended motion for new trial, or argued at the hearing on the motion for new trial, the record is silent as to why counsel did not ask for an instruction to disregard. It is quite possible trial counsel may have con-

cluded his sustained objection was sufficient to prevent the prosecutor from continuing her statement and that requesting further relief would have only highlighted the prosecutor's statement. *See, e.g., Garcia v. State,* 887 S.W.2d 862, 881 (Tex. Crim.App.1994) (trial counsel's failure to request limiting instruction did not constitute ineffective assistance because trial counsel testified that he did not want to draw more attention to incriminating evidence), *overruled on other grounds by Hammock v. State,* 46 S.W.3d 889, 893 (Tex.Crim.App.2001); *Duren v. State,* 87 S.W.3d 719, 733–34 (Tex.App.-Texarkana 2002, no pet.) (trial counsel's failure to object to testimony may be explained as reasonable trial strategy not to draw jury's attention to testimony). We also note that "[c]hoosing to not make an opening statement, declining to mention alleged discrepancies in the State's evidence during final argument, declining to object to a portion of the State's final argument, waiving opening argument and giving a selective synopsis of the evidence in closing argument are all inherently tactical decisions...." *Taylor v. State,* 947 S.W.2d 698, 704 (Tex.App.-Fort Worth 1997, pet. ref'd). Based on the record before us, we are unable to conclude that trial counsel's action was unreasonable and, thus, deficient. Appellant's sixth issue is overruled.

### Voir Dire Record

We next address those allegations that were developed in the trial court. We begin with appellant's third issue, which faults trial counsel for failing to ensure a complete record was made of the voir dire.

The present record includes only part of the voir dire proceedings, that is, the individual voir dire strikes and final jury selection. During the motion for new trial hearing, counsel said it was his typical practice to have the voir dire recorded and that there was no trial strategy associated with the failure to ensure that a full record was made of voir dire.

Mere failure of counsel to request recordation of the voir dire examination is not ineffective assistance of counsel *per se. Ybarra v. State,* 890 S.W.2d 98, 112 (Tex. App.-San Antonio 1994, pet. ref'd); *Wills v. State,* 867 S.W.2d 852, 857 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd); *see also Thompson,* 9 S.W.3d at 813 (recognizing reluctance to designate any error as per se ineffective assistance). "Some injury resulting from the failure to request transcription must be raised by appellant on appeal." *Lopez v. State,* 838 S.W.2d 758, 760 (Tex.App.-Corpus Christi 1992, no pet.). Without a showing of harm, we cannot conclude that the mere failure to request a voir dire recordation was ineffective assistance. *See Ybarra,* 890 S.W.2d at 112; *Gonzales v. State,* 732 S.W.2d 67, 68 (Tex.App.-Houston [1st Dist.] 1987, no pet.).

To satisfy the harm prong of *Strickland,* appellant claims a panel member who lost a loved one in an alcohol-related automobile accident served on the jury. Both appellant and his sister testified at the motion for new trial hearing that the panel member in question was not struck and she did serve on the jury. Trial counsel, however, insisted that "[n]o one who indicated that they had a loved one killed wound up serving as the final 12 jurors." Counsel also testified he questioned the jury panels concerning whether the final jurors chosen could be fair and impartial and that none of the jurors chosen avowed to the contrary or were equivocal in their answers. Appellant further admitted during cross-examination at the motion for new trial hearing that although the complained-of juror initially stated she could not be fair and impartial, "she sat there for a minute and she said, 'yeah, I can.'"

The trial court is afforded deference on any underlying historical fact determinations. *See Kober v. State,* 988 S.W.2d 230, 233 (Tex.Crim.App.1999). "When no express fact findings are made by the trial court, as is the case with rulings on motions for new trial, appellate courts should 'impute implicit factual findings that support the trial judge's ultimate ruling on that motion when such implicit factual findings are both reasonable and supported in the record.'" *Johnson v. State,* 169 S.W.3d 223, 239 (Tex.Crim.App. 2005) (quoting *Charles,* 146 S.W.3d at 213). Viewing the evidence in accordance with these principles, the trial court could have reasonably concluded that the panel member in question was excused from the jury panel. We therefore conclude that the prejudice prong of *Strickland* has not been satisfied. We overrule appellant's third issue.

*Video*

In his seventh issue, appellant argues trial counsel failed to adequately investigate the video of the field sobriety test made by the arresting officer.

At trial, when asked about the video of the field sobriety tests, appellant testified:

Q [DEFENSE COUNSEL]: How many police officers were there?

A [APPELLANT]: There's three in that video, but there's a woman somewhere because she walked that road too.

Q. When did that happen?

A. That happened the same day.

Q. Well, I mean, when you say the same day—

A. It happened during that deal—that—

Q. And, you realize there's no woman on that video?

A. That's right.

Q. Are you saying that she demonstrated that test to you?

A. She demonstrated too because she got mad, because she said I want to show you how to walk this line. So, she started twisting and going down the line, so I did it like she did, and she said—and I said, now, that's the way women walk, do you want [me] to walk that way? And, she got mad.

At the motion for new trial hearing, trial counsel recalled appellant mentioned to him that the video tape of the field sobriety test was incomplete because it did not show the female officer who allegedly instructed appellant on how to perform the field sobriety test. After reviewing the videotape, however, counsel concluded that it had not been altered. Counsel noted the minutes on the videotape appeared in "sequential" order and there was no evidence the tape had been "tampered with." Counsel added that the offense report and the arresting officer's notes did not mention any female officer at the scene. Counsel also said, "In fact, I believe the arresting officer was the only person there." When asked if he inquired about the identity of "this other female officer," counsel replied, "I recall during cross-examination of the arresting officer, asking if a female or if anyone else was present, and he indicated they were not." Based on the record before us, we therefore conclude appellant has failed to demonstrate that counsel was deficient or that, if he was, the outcome of his trial would have been different. We overrule appellant's seventh issue.

*Mitigation*

In his eighth issue, appellant claims counsel was deficient because he did not present any mitigation evidence to the jury during the punishment phase of the trial. Specifically, appellant claims defense counsel should have called appel-

lant's sister to testify about the "emotionally tumultuous state of mind" he was under at the time of his arrest and counsel should have employed a psychiatrist to testify about appellant's mental capacity.

██ A claim of ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify and that the defendant would have benefitted from their testimony. *Ex parte White*, 160 S.W.3d 46, 52 (Tex.Crim.App. 2004) (citing *King v. State*, 649 S.W.2d 42, 44 (Tex.Crim.App.1983)). Here, appellant has not made such a showing. According to the record, defense counsel testified at the motion for new trial hearing that appellant's treating physician, Dr. Wilson, told him that psychiatric testimony was "outside his realm of experience." Counsel also testified that, as a matter of trial strategy, he "did not want a doctor or any other witness taking the stand [and] letting the jury know that [appellant] was on some medication, prescription, or otherwise that would have impaired his ability to drive." Appellant also failed to show a psychiatrist or psychologist was available and willing to testify regarding appellant's mental capacity. Furthermore, although appellant's sister testified at the motion for new trial hearing, appellant did not elicit any testimony from her concerning whether she was willing to testify as to his "emotionally tumultuous state of mind." Based on the record before us, we therefore conclude appellant has failed to demonstrate that counsel was deficient or that, if he was, the outcome of his trial would have been different. We overrule appellant's eighth issue.

*Cumulative Error*

Appellant's ninth issue asserts his trial counsel's cumulative errors amounted to ineffective assistance. Because we conclude appellant has failed to show his trial counsel's performance was deficient on any ground, there can be no cumulative error or harm. We therefore conclude appellant's ineffective assistance claim fails because he has not rebutted the presumption that his counsel's conduct falls within a wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813. Issue nine is overruled.

We affirm the trial court's judgment.