Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

Nos. 04-10-00407-CR, 04-10-00408-CR & 04-10-00409-CR

Deaon **HARGROVE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2009CR7143A, 2009CR7144A & 2009CR7145A
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  April 6, 2011

AFFIRMED

Deaon Hargrove was convicted of multiple offenses of aggravated robbery and was sentenced as a repeat offender to life imprisonment. The only issue raised on appeal is whether Hargrove was denied effective assistance of counsel. We affirm the trial court's judgments.

## BACKGROUND

During a poker game at a home, three men came into the home with guns. As the men entered, the homeowner dialed 911 and left his cell phone by a window. The recording of the

911 call was introduced into evidence. The homeowner's wife also dialed 911 but hung up when she heard a recording. The men demanded cell phones, jewelry, and wallets from everyone present. Two of the men escorted the homeowner upstairs in search of other items of value. When the men prepared to leave through the front door, they heard and saw the police outside. The police had surrounded the home in response to the 911 calls. Hargrove was arrested as he attempted to flee through the back door.

## STANDARD OF REVIEW

To succeed on an ineffective-assistance claim, the defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007). To show deficient performance, the defendant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *Garza*, 213 S.W.3d at 347-48. Appellate review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Id*. at 348. To defeat the presumption of reasonable and professional assistance, the "record must itself affirmatively demonstrate [any] alleged ineffectiveness." *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Garza*, 213 S.W.3d at 348.

Hargrove presented his ineffective assistance claim to the trial court at a hearing on his motion for new trial, and the trial court overruled the motion for new trial at the conclusion of the hearing. We therefore analyze Hargrove's ineffective assistance claim as a challenge to the

denial of his motion for new trial. *Charles v. State*, 146 S.W.3d 204, 208-10 (Tex. Crim. App. 2004), *superseded by rule on other grounds*, *State v. Herndon*, 215 S.W.3d 901 (Tex. Crim. App. 2007); *Shanklin v. State*, 190 S.W.3d 154, 158 (Tex. App.—Houston [1st Dist.] 2005), *pet. dism'd*, 211 S.W.3d 315 (Tex. Crim. App. 2007). In such circumstances, we review the *Strickland* test through an abuse of discretion standard, and we reverse only if the trial court's decision is arbitrary or unreasonable, viewing the evidence in the light most favorable to the ruling. *Shanklin*, 190 S.W.3d at 158-59. A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Charles*, 146 S.W.3d at 208.

## SCOPE OF REVIEW

In his brief, Hargrove asserts the following complaints regarding trial counsel's performance: (1) failure to conduct a meaningful voir dire; (2) failure to seek to suppress the in-court identification of Hargrove by witnesses; (3) failure to lodge the appropriate objection with regard to the State's use of Hargrove's prior aggravated robbery convictions; and (4) failure to seek a limiting instruction with regard to the jury's consideration of the prior convictions. The complaints relating to voir dire and the limiting instruction, however, were not raised in Hargrove's motion or during the hearing on his motion for new trial. Because these complaints were not raised in Hargrove's motion or developed during the hearing, the record contains no evidence as to trial counsel's strategies with regard to these issues. Because the record is silent, we would be required to speculate regarding trial counsel's reasoning, which we cannot do. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994), *Brennan v. State*, No. 05-08-00123-CR, 2009 WL 485508, at *7 (Tex. App.—Dallas Feb. 27, 2009, no pet.); *Landers v. State*, 110 S.W.3d 617, 623 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Accordingly, the

presumption of sound trial strategy and reasonable and professional assistance has not been overcome as to those issues that were not presented to the trial court, and those issues are overruled. *See Brennan*, 2009 WL 485508, at *7; *Landers*, 110 S.W.3d at 623.

### IN-COURT IDENTIFICATIONS

Hargrove asserts that trial counsel was ineffective in failing to move to suppress his in-court identification by the various witnesses. Hargrove focuses on the arresting officers using a one-man show as opposed to a photo lineup. Some of the witnesses identified Hargrove at the scene and others identified him a few hours later at the police station.

An in-court identification is inadmissible when it has been tainted by an impermissibly suggestive pretrial photographic identification. *Loserth v. State*, 963 S.W.2d 770, 771-772 (Tex. Crim. App. 1998). The test is whether, considering the totality of the circumstances, the pretrial photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Id.* at 772. If no substantial likelihood of misidentification is shown despite a suggestive pretrial procedure, subsequent identification testimony will be deemed reliable. *Id.* Five non-exclusive factors are weighed against the corrupting effect of any suggestive identification procedure in assessing reliability under the totality of the circumstances: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Id.*

At the hearing on the motion for new trial, trial counsel testified that he was familiar with the case law regarding identifications, and he believed that the identifications were substantiated under the circumstances in Hargrove's case. One of the witnesses stated that he had a direct look

at Hargrove's face when he had a discussion with him regarding his watch. Another witness, the homeowner, was escorted downstairs by Hargrove after Hargrove removed the mask he was wearing. The homeowner's wife also testified that she saw Hargrove without a mask when he returned downstairs. The witnesses were being robbed at gunpoint so their attention was focused on the assailants. The witnesses expressed a great level of certainty in their identifications, and an inconsequential amount of time passed between the crime and the confrontation. Given the totality of the circumstances, we cannot conclude that the trial court abused its discretion in denying the motion for new trial. The trial court could have concluded that trial counsel's performance was not deficient with regard to the in-court identifications. It is apparent from the record that rather than seeking to suppress the identifications, trial counsel focused his attention on trying to elicit inconsistencies in the identifications during cross-examination, including the clothing the three men were wearing and the weapons each was carrying.

## PRIOR CONVICTIONS

Hargrove contends trial counsel rendered ineffective assistance by failing to "lodge the appropriate objection or make meaningful argument against the State's use of [his] prior aggravated robbery conviction[s] for impeachment." Hargrove initially alluded to his prior convictions on direct examination when he was asked how he knew a certain individual. Hargrove responded, in part, that he knew the individual from "doing time." When the State started questioning Hargrove about his prior jail time, trial counsel objected that the question related to prior bad acts. The trial court responded, "All right. I'm assuming it falls within the criteria of a final conviction. So, assuming that's the case, I'll overrule the objection."

At the hearing on the motion for new trial, trial counsel explained that when the decision was made for Hargrove to testify, trial counsel told Hargrove to be very careful not to mention

anything about prior convictions. Trial counsel testified that he believed the prior convictions were admissible on the face of Rule 609, and Hargrove alluded to the prior convictions despite trial counsel's warning.

Rule 609 of the Texas Rules of Evidence permits evidence of a witness's prior felony conviction to be admitted for the purpose of impeachment or to attack the witness's credibility if the trial court determines that the probative value of the evidence outweighs its prejudicial effect. TEX. R. EVID. 609. Trial counsel demonstrated his familiarity with Rule 609 during trial by impeaching one of the State's witnesses with his prior convictions. In response to the State's objection to trial counsel's questions regarding the witness's prior convictions, trial counsel stated, "I have a right to impeach this witness as far as his criminal record is concerned. I mean it goes to his credibility." As Hargrove argues, however, trial counsel did not raise a specific objection that would have required the trial court to determine if the probative value of Hargrove's prior convictions outweighed their prejudicial effect. Such an objection would have required the trial court to determine the admissibility of the prior convictions by examining factors such as: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *See Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992).

Even if we accept that trial counsel's failure to raise a more specific objection under Rule 609 was deficient performance, Hargrove still would be required to establish that but for trial counsel's failure to raise such an objection, the result of the proceeding would have been different. *See Garza*, 213 S.W.3d at 348. In this case, a police officer testified that he saw

Hargrove carrying a shotgun when Hargrove first attempted to flee through back door. In addition, numerous individuals present during the aggravated robbery identified Hargrove as one of the assailants. Hargrove's testimony was that he was simply present at the poker game and that all of the other witnesses were lying. Given the overwhelming weight of the evidence supporting Hargrove's guilt, the trial court did not abuse its discretion in denying the motion for new trial. *See Washington v. State*, 771 S.W.2d 537, 545-46 (Tex. Crim. App. 1989) (holding no prejudice shown where evidence of guilt was overwhelming). The trial court could have concluded that Hargrove failed to establish that the result of the proceeding would have been different if his trial counsel had more specifically objected to the introduction of the evidence of his prior convictions. *See id.*

## CONCLUSION

The judgments of the trial court are affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH