**AFFIRM; and Opinion Filed April 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01348-CR

### JAMES MARQUETTE BRADLEY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-12-256**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

James Marquette Bradley appeals his conviction for possession of cocaine. After finding appellant guilty, the jury assessed punishment at thirty-five years' confinement. In three issues, appellant contends: (1) the trial court erred in not instructing the jury in the charge to disregard his guilty pleas, and (2) he was denied effective assistance of counsel. For the following reasons, we affirm the trial court's judgment.

The grand jury indicted appellant for possession of a controlled substance and for three theft of a firearm offenses. Appellant pleaded guilty to all four offenses. At the plea hearing, the State presented evidence of appellant's guilt. Officer James Goff testified that he observed two cars with paper Arkansas plates that were speeding. The vehicles seemed to be traveling together and he stopped the one that was in the "lead." Appellant was in the passenger seat. As

soon the car stopped, appellant exited carrying a backpack and fled behind a truck stop. Goff called for back-up.

Police could not initially locate appellant. They finally did so about forty-five minutes later with the assistance of a helicopter with thermal imaging capabilities. It was a cold night and appellant, who had been hiding in a pond, was suffering from hypothermia. After appellant was apprehended, police recovered the backpack from the pond. It contained sixty-eight grams of cocaine and three loaded stolen firearms. The State presented expert testimony that the street value of the cocaine, if it had been "cut," would have been about $10,000.

Appellant testified that when the car was pulled over, he and his friend Demetris were returning to Texarkana from Dallas. They were traveling with others, who were in the vehicle behind them. One of them, Demontre Neil, had put the backpack in Demetris's car. When police pulled Demetris's car over, Demontre called appellant and told him to grab the backpack and run. Appellant did so. Appellant denied knowing what was inside the backpack, but said he was pleading guilty because he had possessed it. Appellant admitted that his attorney had explained the charges against him, and he was not trying to change his plea. He said he was pleading guilty so the jury would show mercy on him.

After appellant testified, the trial court instructed the jury that, based on appellant's testimony, the law required it to withdraw appellant's guilty pleas, and enter not guilty pleas on his behalf. The trial court further instructed the jury to disregard the guilty pleas. After the trial court withdrew the guilty pleas, appellant was recalled and testified he had entered the pleas based on a misunderstanding of the law, claiming he did not know the law required that he be aware of the items he possessed.

Before closing arguments, the State requested it be permitted to abandon the stolen firearms charges, instead of seeking a continuance, because it had not secured the presence of the

–2–

complaining witnesses in those cases. Appellant did not object, and the trial court granted the State's request.

In closing, the State argued the evidence showed beyond a reasonable doubt that appellant knowingly possessed the cocaine. The State did not reference appellant's guilty pleas in any regard. Appellant did reference his pleas to highlight the State's burden to show knowing possession. Appellant argued he never denied that he knew there was "probably . . . something . . . illegal" in the backpack, asserting that "in his mind" that made him guilty. But he argued that did not equal guilt because he did not know about the cocaine. The jury nevertheless found appellant guilty of possession.

In the first and second issues, appellant asserts the trial court erred in not instructing the jury in the written charge to disregard his guilty pleas. Appellant concedes he did not object to the charge but asserts the "error" is subject to review under *Almanza*[1] because, in the absence of the instruction, the trial court did not properly charge the jury on the "law applicable to the case" as required by article 36.14 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).

As noted above, the trial court orally instructed the jury not to consider appellant's guilty pleas. In the charge, the trial court instructed the jury appellant was presumed innocent, that the jury was required to find appellant committed each element of the offense beyond a reasonable doubt, and that it could only consider the evidence offered at trial in doing so. *Almanza* does not apply unless the appellate court first finds "error" in the jury charge. *See Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998). Appellant cites no authority to support his contention the omitted instruction was necessary in order for the trial court's charge to properly instruct the jury on the "law applicable to the case." Because appellant has failed to provide argument or

---

[1] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g).

authority that the charge contained error, these issues are inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Cardenas v. State,* 30 S.W.3d 384, 393 (Tex. Crim. App. 2000). We resolve the first and second issues against appellant.

In his third issue, appellant contends he received ineffective assistance of counsel. To successfully assert an ineffective assistance of counsel challenge, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defendant. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). An ineffective assistance claim must be "firmly founded in the record," and the record must "affirmatively demonstrate" the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Usually, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption of effective assistance. *Id.*

Appellant asserts his trial counsel was ineffective because trial counsel (1) advised him to plead guilty and then elicited testimony that he did not know what was in the backpack, (2) failed to move for a mistrial when the trial court withdrew his guilty pleas, (3) failed to object to the jury charge, and (4) failed to move to strike appellant's written pleas of guilty.

Appellant did not file a motion for new trial, and the record does not otherwise support appellant's claims of ineffective assistance. Specifically, the record does not show what advice trial counsel gave appellant regarding his pleas or his decision to testify. Nor does the record provide counsel's reasons for any of the complained-of actions. We cannot conclude on this record that there was no reasonable basis in strategy or tactics for the complained-of actions.

Further, appellant has cited no authority showing the trial court would have erred in overruling any of the objections he now asserts counsel should have lodged or to show a mistrial was required. To show counsel was ineffective for failing to make an objection an appellant must show the trial court would have erred in overruling the objection. *Vaughn v. State*, 931 S.W.2d 564, 567 (Tex. Crim. App. 1996); *Brennan v. State*, 334 S.W.3d 64, 74 (Tex. App.—Dallas 2009, no pet.). Likewise, to show counsel was ineffective for failing to request a jury instruction, an appellant must show he was entitled to the instruction. *See Cardenas,* 30 S.W.3d at 392. We conclude appellant has failed to show his trial counsel was ineffective. We resolve the third issue against appellant and affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
Tex. R. App. P. 47

121348F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES MARQUETTE BRADLEY, Appellant

No. 05-12-01348-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-12-256.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of April, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE