# NO. 12-15-00258-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THOMAS ERWIN BAKER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Thomas Erwin Baker appeals his conviction for continuous sexual abuse of a child. In one issue, Appellant contends that he received ineffective assistance of counsel. We affirm.

## BACKGROUND

D.G., Appellant's stepdaughter, testified to being sexually abused by Appellant on several occasions over a period of time. She was under the age of fourteen during the abuse. In February 2015, the Texas Department of Family and Protective Services (the Department) received a call regarding the abuse. After an approximately three-month investigation, the Department found a reason to believe that sexual abuse occurred. The State subsequently indicted Appellant for continuous sexual abuse of a child, to which he pleaded "not guilty." The jury found Appellant guilty of continuous sexual abuse of a child, and the trial court sentenced Appellant to imprisonment for life.

## INEFFECTIVE ASSISTANCE

In his sole issue, Appellant contends that trial counsel was ineffective by failing to object to certain outcry testimony. He contends that Jennifer Lloyd was the first adult to whom D.G. made an outcry and should have been the only person allowed to testify as an outcry witness.

Appellant complains that the testimony of Kathy Johnson, who was also allowed to testify as an outcry witness, would have been excluded had defense counsel objected. He contends that Johnson's testimony allowed the State to develop its allegations on multiple occasions, reinforce D.G.'s testimony, bolster its case, and overwhelm Appellant's presumption of innocence.

**Standard of Review and Applicable Law**

An appellant complaining of ineffective assistance must establish a two-pronged test. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see also Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under the first prong, the appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The appellant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*., 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Prejudice requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is that sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. The appellant must establish both prongs by a preponderance of the evidence or the ineffectiveness claim fails. *Tong*, 25 S.W.3d at 712.

Review of trial counsel's representation is highly deferential. *Id*. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The appellant bears the burden of overcoming the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*.; *Tong*, 25 S.W.3d at 712. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). The record on direct appeal is rarely sufficiently developed to fairly evaluate a claim of ineffectiveness. *Id*. at 833.

**Facts**

Before trial, defense counsel agreed with the State that each outcry statement was "a little bit different than the other." At trial, D.G. testified that Appellant made her get on top of him and "go back and forth" and took her pants off on one occasion. She also testified that Appellant sometimes placed his hand in her pants and touched her "private area," and sometimes placed her hand in his pants and made her touch his "private area" using a "squeezing position." Jennifer Lloyd testified that D.G. attended a sleepover at Lloyd's home, after which Lloyd's daughter told her that Appellant was making D.G. do "sex things." Lloyd spoke with D.G., who said that Appellant made her crawl on top of him and touch him. Kathy Johnson testified that D.G. told her Appellant made her get on top of him, touched her "middle" area, moved her up and down, and made her touch and squeeze his penis. D.G. told Johnson that the abuse happened "often."

**Analysis**

A trial court may permit multiple outcry witnesses to testify about different instances of abuse committed by the defendant against the victim. *Tear v. State*, 74 S.W.3d 555, 559 (Tex. App.—Dallas 2002, pet. ref'd). "If the child victim first described one type of abuse to one outcry witness, and first described a different type of abuse to a second outcry witness, the second witness could testify about the different instance of abuse." *Id*. In this case, Lloyd testified that D.G. told her Appellant made her crawl on top of him and touch him. Johnson testified that D.G. told her Appellant touched her "middle" area, moved her up and down, and made her touch and squeeze his penis. These are two different types of abuse. Accordingly, Lloyd and Johnson were both proper outcry witnesses. *See id*. Defense counsel was not required to make frivolous arguments and objections. *See Brennan v. State*, 334 S.W.3d 64, 74 (Tex. App.—Dallas 2009, no pet.).

Because the complained-of evidence was admissible, Appellant has failed to establish the first prong of *Strickland*, i.e., that counsel's performance was deficient. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Tong*, 25 S.W.3d at 712. Appellant's ineffectiveness claim fails. *See Tong*, 25 S.W.3d at 712. We overrule Appellant's sole issue.

**DISPOSITION**

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**B**RIAN **H**OYLE
Justice

Opinion delivered June 15, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 15, 2016

NO. 12-15-00258-CR

**THOMAS ERWIN BAKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0478-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*