**Affirmed and Opinion Filed April 20, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01260-CR

### NATHANIEL SCOTT ALLAN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court Cause No. 006-84804-2011**

## MEMORANDUM OPINION

Before Justices Fillmore and Schenck,[1] and Chief Justice Thomas, Retired[2]
Opinion by Chief Justice Thomas, Retired

A jury convicted appellant Nathaniel Scott Allan of driving while intoxicated, second offense. The trial court assessed punishment at 365 days confinement in the Collin County jail, probated for eighteen months, and assessed a $1,000 fine. Allan raises two issues on appeal. First, Allan contends the trial court erred by not conducting a hearing on his motion for new trial. Second, Allan complains he received ineffective assistance of counsel because his attorney did not timely communicate the State's plea offer to him.

Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

---

[1] Justice David Schenck succeeds Justice Michael O'Neill, a member of the original panel. Justice Schenck has reviewed the briefs and record in this case. *See* TEX. R. APP. P. 41(a).

[2] The Honorable Linda Thomas, Chief Justice of the Court of Appeals for the Fifth District of Texas—Dallas, Retired, sitting by assignment.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On November 2, 2010, Allan was arrested for driving while intoxicated (DWI). Due to Allan's prior conviction for DWI, the case was filed as driving while intoxicated, second offense. On Thursday, August 1, 2013, the trial judge conducted a pretrial arraignment and reminded the parties that the case was set for a jury trial the following Monday. Allan's counsel of record was not present, but he sent another attorney in his place. The State informed the court that it had a new plea bargain offer. The trial court told the parties that it would accept a plea "right now," but otherwise, the case would be going to trial on Monday. The trial court noted that the trial had been reset many times and the trial on Monday was specially set. The trial court then gave the State time to convey the new offer to Allan and his substitute counsel. After a brief recess, the State announced that the parties would be proceeding to trial.

The case proceeded to jury trial on August 5, 2013, and the jury returned a verdict of guilty. Following the verdict, the parties reached an agreed punishment of 45 days in jail. However, the trial court sent Allan for a drug test, and rejected the agreed punishment after he tested positive for opiates and amphetamines. The trial court sentenced Allan to 365 days in county jail, probated for 18 months, and assessed a fine of $1,000.

On September 5, 2013, Allan filed a notice of appeal and a motion for new trial. The trial court denied Allan's motion for new trial on September 9, 2013. This appeal followed.

## II. DISCUSSION

### A. Motion For New Trial Hearing

Allan first complains that the trial court erred by failing to conduct a hearing on his motion for new trial. The State responds the trial court did not abuse its discretion because Allan failed to properly present his request for a hearing.

*Standard of Review and Applicable Law*

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). A trial court abuses its discretion when the ruling "was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id*.

A defendant does not have an absolute right to a hearing on his motion for new trial. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). Instead, he is entitled to a hearing when he (1) raises matters which are not determinable from the record, and (2) establishes reasonable grounds showing that he could potentially be entitled to relief. *Id*. "In addition to timely filing the motion with supporting affidavits that demonstrate reasonable grounds for believing that some error has occurred, the defendant must present the motion to the trial court." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). Presentment of a motion for new trial requires a defendant to do more than simply file the motion for new trial with the court clerk. *Bearnth v. State*, 361 S.W.3d 135, 145 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). To present a motion, the defendant must give the trial court actual notice that he timely filed a motion for new trial and requests a hearing on the motion for new trial. *See id*.; *see also Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998).

*Application of Law to Facts*

On September 5, 2013, Allan filed a motion for new trial. The motion contained a paragraph entitled "Certificate of Presentment," stating that a copy of the motion had been hand-delivered to the trial court. Attached to the motion was a sworn affidavit from Allan detailing his reasons for believing he received ineffective assistance of trial counsel. Also attached was a fiat containing blank spaces for the date on which the motion was filed, whether the moving party

was entitled to a hearing, the date of any such hearing, and the signature of the presiding judge. On September 9, 2013, the trial court denied Allan's motion for new trial without a hearing.

The record does not indicate whether the motion for new trial was, in fact, hand-delivered to the trial judge. We assume the trial judge had actual notice of the motion because the trial judge denied the motion four days after it was filed. However, Allan was required to put the trial judge on actual notice that he desired the judge to hold a hearing on his motion for new trial. *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009). "'Presentment' must be apparent from the record, and it may be shown by such proof as the judge's signature or notation on the motion or proposed order, or an entry on the docket sheet showing presentment or setting a hearing date." *Id*. In this case, there are no handwritten notations on the motion, none of the blanks on the fiat have been filled in, and there are no entries on the docket sheet showing presentment or a scheduled hearing date. *See id*. The record contains no evidence that Allan or his attorney took steps to obtain a setting, or attempted to get a ruling on a request for a hearing. *See Perez v. State*, 429 S.W.3d 639, 644 (Tex. Crim. App. 2014).

Based on this record, we conclude that Allan failed to put the trial court on notice that he desired a hearing on his motion for new trial. *See Gardner*, 306 S.W.3d at 305. We overrule Allan's first issue.

## B. Ineffective Assistance Of Counsel

Allan next contends he was denied effective assistance of counsel because his trial counsel failed to timely communicate the State's plea bargain offer to him. Allan argues that because his trial counsel did not timely communicate the plea offer to him, he was "forced to go to trial when he wanted to resolve his case more favorably with a plea bargain." In response, the State argues the record is inadequate to support Allan's contention.

***Standard of Review and Applicable Law***

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by Texas two years later in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Allan must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 688–92; *Villa v. State*, 417 S.W.3d 455, 462–63 (Tex. Crim. App. 2013). Allan bears the burden of proving his claims by a preponderance of the evidence. *Lopez*, 343 S.W.3d at 142. It is not enough to merely show, through the benefit of hindsight, that trial counsel's actions were questionable. *Id*. at 142–43.

Review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Villa*, 417 S.W.3d at 463; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). In order for an appellate court to find that counsel was ineffective, counsel's alleged deficiency must be affirmatively demonstrated in the record. *Lopez*, 343 S.W.3d at 142; *Brennan v. State*, 334 S.W.3d 64, 71 (Tex. App.—Dallas 2009, no pet.). The defendant must produce record evidence sufficient to overcome the presumption that, under the circumstances, the challenged action was sound trial strategy. *Strickland*, 466 U.S. at 689; *Villa*, 417 S.W.3d at 463.

***Application of Law to Facts***

Allan argues that his trial counsel was ineffective because he failed to timely communicate the State's plea offer to him. According to the record, the State told the trial court that it had e-mailed a new plea offer to Allan's actual trial counsel the morning of August 1,

2013. The record also indicates that Allan learned of the plea offer the same day, during the pretrial arraignment hearing. Relying on contentions raised in his affidavit attached to his motion for new trial, Allan contends, among other things, that his substitute counsel informed him of the State's offer and told him to consult with his actual trial counsel, but Allan was not given time to consult with his actual trial counsel before being required to make a decision whether to go to trial on Monday. However, Allan's affidavit is not evidence. Because the affidavit was not introduced as evidence at a hearing on Allan's motion for new trial, it is merely "a pleading that authorizes the introduction of supporting evidence," and is not evidence itself. *Burrus v. State*, 266 S.W.3d 107, 112 (Tex. App.—Fort Worth 2008, no pet.) (quoting *Jackson v. State*, 139 S.W.3d 7, 20 (Tex. App.—Fort Worth 2004, pet. ref'd); *see also Rouse v. State*, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009) ("[P]ost-trial motions such as these are not self-proving and any allegations made in support of them by way of affidavit or otherwise must be offered into evidence at a hearing."). Therefore, to the extent Allan relies on the affidavit attached to his motion as evidence supporting his ineffective assistance claim, the affidavit is not evidence. *Id.* The record is otherwise silent with respect to the nature of the discussions between Allan and substitute counsel. And we are unable to determine from the record whether Allan attempted to contact his actual trial counsel during the recess. In his appellate brief, Allan concedes that without a hearing on his motion for new trial, it is difficult to determine from the record any of the facts surrounding the plea offer.

Allan also argues that if his trial counsel had timely conveyed the plea offer, the case could have been resolved without a trial. Again relying on contentions raised in his affidavit attached to his motion for new trial, Allan contends that "there seems to be a reasonable probability that Appellant and the State would have been able to dispose of this case without a trial had Appellant's trial counsel timely conveyed any plea bargain offer." However, Allan does

not point to any evidence in support of this speculation, and does not detail how trial counsel's performance was deficient. According to the record of the pretrial arraignment, the court allowed a recess for the State to convey the new plea offer to Allan and his substitute counsel. Following the recess, the State informed the trial court that it was ready to proceed with the trial on Monday but asked the court's permission to place the offer into the record. The trial court agreed, and the State read the plea offer into the record. The record does not contain any statements or objections by Allan or his substitute counsel when the State read the plea offer into the record or when the State announced that the parties would proceed to trial. The record also reflects that on Monday, the first day of trial, neither party mentioned the plea offer during preliminary proceedings outside the presence of the jury. And finally, the record includes Allan's testimony during the punishment phase, stating that he fought this all the way because he felt like he was innocent. To show prejudice from ineffective assistance of counsel where a plea offer was rejected because of counsel's deficient performance, appellant must demonstrate a reasonable probability that he would have accepted the plea offer had he been afforded effective assistance of counsel. *See Armstead v. State*, No. 05-11-00966-CR, 2013 WL 1281901, at *5 (Tex. App.—Dallas Mar. 19, 2013, no pet.) (mem. op., not designated for publication) (citing *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012)). Allan has not met this burden.

As discussed above, there was no hearing on the motion for new trial. Consequently, there is no record of a hearing at which Allan's trial counsel was afforded the opportunity to explain his actions or trial strategy. When no evidentiary record is developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Trial counsel should ordinarily be given an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). "Generally, a silent record that

provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance." *Brennan*, 334 S.W.3d at 71.

We cannot speculate beyond the record provided. *See id.* at 74. Because the record fails to demonstrate trial counsel's alleged ineffectiveness for failing to timely convey the State's plea offer to Allan, we conclude that Allan has not shown that trial counsel's performance fell below an objective standard of reasonableness. *See Lopez*, 343 S.W.3d at 143. We overrule Allan's second issue.

### III. CONCLUSION

Having overruled both of Allan's issues, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
131260F.U05

/Linda Thomas/
LINDA THOMAS
JUSTICE, ASSIGNED



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

NATHANIEL SCOTT ALLAN, Appellant

No. 05-13-01260-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 6, Collin County, Texas
Trial Court Cause No. 006-84804-2011.
Opinion delivered by Justice Thomas.
Justices Fillmore and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 20, 2015.