ACCEPTED
06-15-00038-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/15/2015 3:01:38 PM
DEBBIE AUTREY
CLERK

**ORAL ARGUMENT WAIVED**

CAUSE NOS. 06-15-00038-CR, 06-15-00039-CR, 06-15-00040-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/15/2015 3:01:38 PM
DEBBIE AUTREY
Clerk

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

_____

ROBERT BRICE DAUGHERTY, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

ON APPEAL FROM THE 6TH DISTRICT COURT OF LAMAR COUNTY;
TRIAL COURT NOS. 25928, 25958 & 25886;
HONORABLE ERIC CLIFFORD, JUDGE

_____

# APPELLEE'S (STATE'S) BRIEF

_____

Gary D. Young, County and District Attorney
Lamar County and District Attorney's Office
Lamar County Courthouse
119 North Main
Paris, Texas   75460
(903) 737-2470
(903) 737-2455 (fax)

**ATTORNEYS FOR THE STATE OF TEXAS**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.2(a)(1)(A), the list of parties and counsel is not required to supplement or correct the appellant's list.

# TABLE OF CONTENTS

PAGE NO:

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . .        i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . .        ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . .        iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . .        vi

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . .        vii

ISSUE PRESENTED IN REPLY . . . . . . . . . . . . . . . . . . . .        viii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . .        2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . .        6

ARGUMENT AND AUTHORITIES

       **SOLE ISSUE PRESENTED IN REPLY: WITH A
SILENT APPELLATE RECORD, THE APPELLANT,
DAUGHERTY, DID NOT OVERCOME THE
PRESUMPTION OF REASONABLE ASSISTANCE OF
COUNSEL; NOR COULD DAUGHERTY SHOW A
REASONABLE PROBABILITY UNDER THE
THREE-PART *ARGENT* TEST WITHOUT THE
STATEMENTS OF COUNSEL, CLIENT AND TRIAL
COURT AT A HEARING; AND FINALLY, DAUGHERTY
COULD NOT PROVE ANY OF THE THREE-PART
*ARGENT* TEST.** . . . . . . . . . . . . . . . . . . . . . . . . . . .        7

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        16

**PAGE NO:**

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . .      17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . .      17

# INDEX OF AUTHORITIES

**CASES:**                                                   **PAGE:**

*Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) . . .    8

*Brennan v. State*, 334 S.W.3d 64, 71 (Tex. App.--Dallas
    2009, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8,9

*Clark v. State*, 324 S.W.3d 620, 633 (Tex. App.--Fort
    Worth 2010, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . .    8,9

*Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim.
    App. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6,10,14

*Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.--Houston
    [1st Dist.] 1996, no pet.) . . . . . . . . . . . . . . . . . . . . . . . .    9

*Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim.
    App. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

*Martin v. State*, 265 S.W.3d 435, 442 (Tex. App.--Houston
    [1st Dist.] 2007, no pet.) . . . . . . . . . . . . . . . . . . . . . . . .    9

*Missouri v. Frye*, ___ U.S. ___, 32 S.Ct. 1399, 1405,
    182 L.Ed.2d 379 (2012) . . . . . . . . . . . . . . . . . . . . . . . .    10

*Piland v. State*, 453 S.W.3d 473, 475-76 (Tex. App.--Texarkana
    2014, no pet.) . . . . . . . . . . . . . . . . . . . . . . . .    6,7,8,9,10,11,12,14,15

*Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999) . .    7

*Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App.
    2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

*Smith v. State*, 84 S.W.3d 36, 42 (Tex. App.--Texarkana 2002,
    no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

**CASES:**                                       **PAGE:**

*Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Walker v. State*, 406 S.W.3d 590, 600 (Tex. App.--Eastland 2013, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES:**                                      **PAGE:**

TEX. R. APP. P. 33.1 (a) (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. R. APP. P. 38.1(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

TEX. R. APP. P 38.2(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

TEX. R. APP. P. 38.2(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . i

## STATEMENT OF THE CASE

The appellant (Daugherty) perfected these appeals from the trial court's final judgments that convicted him as a habitual offender, as follows:

| Cause # | Appellate Cause # | Criminal Offenses/Convictions |
|---|---|---|
| 25928 | 06-15-00038-CR | Possession with intent to deliver a controlled substance, namely, methamphetamine of more than four grams but less than two hundred grams in a drug free zone (count 1). *See* CR (25928), pgs. 115-116. |
| 25958 | 06-15-00039-CR | Delivery of a controlled substance, namely, methamphetamine of more than four grams but less than two hundred grams. *See* CR (25958), pgs. 112-113. |
| 25886 | 06-15-00040-CR | Possession with intent to deliver a controlled substance, namely, methamphetamine of more than four grams but less than two hundred grams in a drug free zone. *See* CR (25886), pgs. 42-43. |

By these appeals, which were consolidated by both parties for purposes of their respective briefs, Daugherty raised a single issue/point of error, which contended that he was denied effective assistance of counsel because his trial counsel allegedly failed to communicate a plea offer that he would have been accepted had he been so informed.

## STATEMENT REGARDING ORAL ARGUMENT

The State of Texas will waive oral argument. *See* Tex. R. App. P. 38.1(e), 38.2(a)(1).

# SOLE ISSUE PRESENTED IN REPLY

**SOLE ISSUE PRESENTED IN REPLY:** WITH A SILENT APPELLATE RECORD, THE APPELLANT, DAUGHERTY, DID NOT OVERCOME THE PRESUMPTION OF REASONABLE ASSISTANCE OF COUNSEL; NOR COULD DAUGHERTY SHOW A REASONABLE PROBABILITY UNDER THE THREE-PART *ARGENT* TEST WITHOUT THE STATEMENTS OF COUNSEL, CLIENT AND TRIAL COURT AT A HEARING; AND FINALLY, DAUGHERTY COULD NOT PROVE ANY OF THE THREE-PART *ARGENT* TEST.

CAUSE NOS. 06-15-00038-CR, 06-15-00039-CR, 06-15-00040-CR

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA
_____

ROBERT BRICE DAUGHERTY, Appellant

V.

THE STATE OF TEXAS, Appellee
_____

ON APPEAL FROM THE 6TH DISTRICT COURT OF LAMAR COUNTY;
TRIAL COURT NOS. 25928, 25958 & 25886;
HONORABLE ERIC CLIFFORD, JUDGE
_____

# APPELLEE'S (STATE'S) BRIEF
_____

TO HONORABLE SIXTH COURT OF APPEALS:

COMES NOW, the State of Texas, by and through its Lamar County and District Attorney's Office, files this its Appellee's Brief under Rule 38.2 of the Texas Rules of Appellate Procedure.

Unless otherwise indicated, Robert Brice Daugherty will be referred to as "Daugherty" or "the appellant." The State of Texas will be referred to as "the State" or "appellee."

## STATEMENT OF FACTS

**Cause Number 25886.**

In August of 2014, a grand jury in Lamar County returned an original indictment that charged Daugherty, as a habitual offender, with felony offenses that allegedly occurred on or about June 3, 2014. By this indictment, the State charged Daugherty with one count of possession with intent to deliver a controlled substance, namely, methamphetamine of more than four grams but less than two hundred grams in a drug free zone. *See* CR (25886), pgs. 7-9. The State also charged Daugherty with two counts of possession of a controlled substance, namely Diazepam (count 2) and Hydrocodone (count 3) of less than twenty eight grams in a drug free zone. *See* CR (25886), pg. 8.[1]

**Cause Number 25928.**

In September of 2014, a grand jury in Lamar County returned an original indictment that charged Daugherty, as a habitual offender, with felony offenses that allegedly occurred on or about July 15, 2014. *See* CR (25928), pgs. 8-9. By this indictment, the State charged Daugherty with one count of possession with intent to deliver a controlled substance, namely,

---

[1] At the time of trial, the State abandoned counts two and three, as well as the drug-free zone allegation. *See* RR, pg. 8; CR (25886), pg. 42.

methamphetamine of more than two hundred grams in a drug free zone. *See* CR (25928), pgs. 8-9. The State also charged Daugherty with a second count of possession of a controlled substance, namely Hydrocodone of less than twenty eight grams in a drug free zone. *See* CR (25928), pg. 9.

**Cause Number 25958.**

In September of 2011, a grand jury in Lamar County also returned an original indictment that charged Daugherty with the felony offense of delivery of a controlled substance, namely, methamphetamine of more than four grams but less than two hundred grams in a drug free zone.[2] *See* CR (25958), pg. 5.

**Hearing on Motion to Withdraw: November 7, 2014.**

On November 7, 2014, the trial court proceeded with a hearing on a motion to withdraw as counsel "in all three cases." *See* Defendant's Exhibit 3, pgs. 1, 4. The trial court granted the motion to withdraw. *See* Defendant's Exhibit 3, pg. 6.

During the hearing, the prosecutor announced in open court that the State "started with an offer of 50, even went to down to 40 [and] those offers were declined." *See* Defendant's Exhibit 3, pg. 7. In response, Daugherty stated, "I know that at some point there was some mention of a 40 years and

---

[2] At the time of trial, the State abandoned the drug free zone allegation. *See* RR, pg. 8.

-- in a correspondence between Dianne and -- and attorney -- I mean, district attorney, but I never did hear of any plea for 40 years --." *See* Defendant's Exhibit 3, pg. 7.

To that remark, the trial judge stated, "I'm going to appoint you a new lawyer." *See* Defendant's Exhibit 3, pg. 7. The trial judge admonished Daugherty to "make sure that you bring this issue up with the new attorney." *See* Defendant's Exhibit 3, pg. 8. Daugherty acknowledged, "okay." *See* Defendant's Exhibit 3, pg. 8. At the conclusion of the hearing, the trial court granted the motions to withdraw and agreed to "appoint new counsel today." *See* Defendant's Exhibit 3, pg. 15.

**Jury Trial Setting, Open Plea and Punishment Hearing.**

On February 11, 2015, the trial court called "the Daugherty case" for jury trial. *See* RR, pg. 6. The trial court inquired, "[w]hat two cause numbers did we consolidate for trial?" *See* RR, pg. 7. The prosecutor responded that cause numbers 25958, which was a delivery case, and 25928, which was referred to as "the search warrant case." *See* RR, pg. 7. The trial court understood that "the parties ha[d] reached a plea agreement." *See* RR, pg. 7.

As part of the plea agreement, Daugherty agreed to plead "open" to

the trial court "in all the cases." *See* RR, pg. 8. Daugherty agreed to plead "true" to the enhancement of habitual offender in all the cases, with all these sentences to run concurrently. *See* RR, pgs. 8-9. There would be a drug-free zone finding in cause number 25928 only. *See* RR, pg. 9.

The trial court admonished Daugherty and released the jury. *See* RR, pg. 25. The trial court then began the punishment hearing, and both sides announced ready. *See* RR, pgs. 26-27.

At the conclusion of the punishment hearing, the trial court pronounced sentence. *See* RR, pg. 95. The trial court sentenced Daugherty to "life in prison" with "those sentences to run concurrently or at the same time." *See* RR, pg. 95.

**The Final Judgments of Conviction and Notices of Appeal.**

On February 11th, the trial court signed its final judgments of conviction by court--waiver of jury trial. *See* CR (25928), pgs. 115-116; CR (25958), pgs. 112-113; CR (25886), pgs. 42-43.

On February 18, 2015, Daugherty filed his notices of appeal. *See* CR (25928), pg. 126; CR (25958), pg. 123; CR (25886), pg. 44.

**Proceedings in this Court of Appeals.**

On or about February 19, 2015, Daugherty filed his notices of appeal

-5-

in this Court.  The official court reporter filed the Reporter's Record on or about March 31, 2015.  The district clerk filed the Clerk's Record on or about April 14, 2015.  Daugherty, the appellant, then filed his brief on May 15, 2015.

On or about June 12th, the State filed its motion to extend time, which this Court granted.  The State will be timely filing its brief on July 15, 2015.

## SUMMARY OF THE ARGUMENT

In summary, Daugherty's claim of ineffective assistance of counsel was not established.  *See generally Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013); *Piland v. State*, 453 S.W.3d 473, 475-76 (Tex. App.--Texarkana 2014, no pet.).  To elaborate, Daugherty's claim of ineffective assistance was not established for the following reasons:

(1)  Daugherty did not overcome the presumption of reasonable assistance of counsel with a silent record.  Daugherty did not file a motion for new trial or request any post-trial hearing.  (2)  Daugherty could not show a "reasonable probability" under the three-part *Argent* test without "the statements of counsel, client and trial court."  *See Piland*, 453 S.W.3d at 476.  (3) Daugherty could not prove any part of the three-part *Argent* test.

For the reasons above, the appellant's, Daugherty's, sole issue/point

of error should be overruled.  The trial court's final judgments of conviction should be affirmed in cause numbers 25928, 25958 and 25886.

## ARGUMENT AND AUTHORITIES

**SOLE ISSUE PRESENTED IN REPLY:**  **WITH A SILENT APPELLATE RECORD, THE APPELLANT, DAUGHERTY, DID NOT OVERCOME THE PRESUMPTION OF REASONABLE ASSISTANCE OF COUNSEL; NOR COULD DAUGHERTY SHOW A REASONABLE PROBABILITY UNDER THE THREE-PART *ARGENT* TEST WITHOUT THE STATEMENTS OF COUNSEL, CLIENT AND TRIAL COURT AT A HEARING; AND FINALLY, DAUGHERTY COULD NOT PROVE ANY OF THE THREE-PART *ARGENT* TEST.**

A. **Standard of Review:  Ineffective Assistance of Counsel.**

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  *See Piland v. State*, 453 S.W.3d 473, 475 (Tex. App.--Texarkana 2014, pet. dism'd).  To prevail on such a claim, an appellant must prove by a preponderance of the evidence (1) that his or her counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense.  *See Piland*, 453 S.W.3d at 475 (citing *Strickland*, 466 U.S. at 689; *Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999).  To meet this burden, the appellant must prove that the attorney's representation fell below the standard of prevailing

professional norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *See Piland*, 453 S.W.3d at 475.

B. **With a Silent Record in the Present Case, Daugherty Did Not Overcome the Presumption of Reasonable Assistance of Counsel.**

Trial counsel should ordinarily be given an opportunity to explain his (or her) actions before being denounced as ineffective. *See Brennan v. State*, 334 S.W.3d 64, 71 (Tex. App.--Dallas 2009, no pet.) (citing *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) ("His counsel should ordinarily be accorded an opportunity to explain her actions before being condemned as unprofessional and incompetent."). *See also Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) ("trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective."). Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Walker v. State*, 406 S.W.3d 590, 600 (Tex. App.--Eastland 2013, pet. ref'd); *Brennan*, 334 S.W.3d at 71; *Clark v. State*, 324 S.W.3d 620, 633 (Tex. App.--Fort Worth 2010, pet. ref'd).

In the present case, Daugherty did not file a motion for new trial, and the record was silent to provide any explanation for counsel's actions. *See*

*Clark*, 324 S.W.3d at 633. *See also Martin v. State*, 265 S.W.3d 435, 442 (Tex. App.--Houston [1ˢᵗ Dist.] 2007, no pet.) ("Appellant did not file a motion for new trial and no hearing was held on the ineffectiveness claim, during which the matter could have been developed in the record."); *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.--Houston [1ˢᵗ Dist.] 1996, no pet.) (there was no motion for new trial hearing in the instant case, and therefore the record is silent). Further, the presumption of sound trial strategy was not overcome as to those issues which were not presented to the trial court in any motion for new trial, or argued at any new trial hearing. *See Brennan*, 334 S.W.3d at 73.

Because the record was silent, this Court should not speculate as to defense counsel's tactics or guess what the reasons might be for taking, or not taking, certain actions. *See Smith v. State*, 84 S.W.3d 36, 42 (Tex. App.--Texarkana 2002, no pet.) (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)). On this basis alone, Daugherty's sole issue/point of error should be overruled.

C.    **Even Further, Daugherty Could Not Show a Reasonable Probability Under the Three-Part *Argent* Test Without the Statements of Counsel, Client and Trial Court at a Hearing.**

1.    **The Three-Part *Argent* Test, As Interpreted in *Piland*.**

Failure of a criminal defense counsel to inform his or her client of plea offers made by the State falls below an objective standard of professional reasonableness. *See Piland*, 453 S.W.3d at 475. In *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013), the Texas Court of Criminal Appeals "continued to agree that substandard representation was shown, but adopted a higher threshold to show that the defendant was prejudiced." *See Piland*, 453 S.W.3d at 475 (citing *Argent*, 393 S.W.3d at 784). In so doing, the court applied the three-part test announced in *Missouri v. Frye*, ___ U.S. ___, 32 S.Ct. 1399, 1405, 182 L.Ed.2d 379 (2012). *See Piland*, 453 S.W.3d at 475.

Now, to establish prejudice from the ineffective assistance of counsel because defense counsel does not tell his or her client about a plea offer, the appellant must show a reasonable probability that (1) he or she would have accepted the offer if it had been communicated; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would have accepted the plea agreement. *See id*. at 475-76 (citing *Argent*, 393 S.W.3d at 784). A "reasonable probability" was "a probability sufficient to undermine confidence in the outcome." *See Piland*, 453 S.W.3d at 476. In other words, the question was whether it was reasonably likely that the outcome

would have been different as a result. *See id*. "The likelihood of a different result must be substantial." *See id*.

In *Piland*, this Court went on to hold that "[t]he only way in which such a probability can be assessed on direct appeal is through the statements of counsel, client and trial court." *See Piland*, 453 S.W.3d at 476. In *Piland*, this Court reasoned that "*Argent* does not mandate that evidence on the subject be taken at a hearing." *See id*.

2. **In the Present Case, Daugherty Could Not Show a Reasonable Probability Under the Three-Part *Argent* Test Without the Statements of Counsel, Client and Trial Court at a Hearing.**

While the *Piland* opinion did not require that "evidence on the subject be taken," the present case was factually distinguishable because a hearing was not even conducted to take "the statements of counsel, client and trial court." *See id*. In *Piland*, "appellate counsel stated that the offer was made and that offer remained available, as shown by the subsequent plea offer signed during the course of [the] appeal, in which the State reoffered Piland its original three-year deal." *See id*. But here, no statement of counsel was ever taken at any hearing.

Put simply, Daugherty could not show a "reasonable probability" under the three-part *Argent* test without "the statements of counsel, client

-11-

and trial court." *See Piland*, 453 S.W.3d at 476. Any such "statements of counsel, client and trial court" should have been preserved for appellate review by a complaint to the trial court in a timely request, objection, or motion. *See* Tex. R. App. P. 33.1(a)(1). Because "the statements of counsel, client and trial court" were not preserved for review, Daugherty could not show a "reasonable probability" and his sole issue/point of error should be overruled.

D-1. **The Claim of Ineffective Assistance Was Not Established Because the Evidence Did Not Prove that Daugherty Would Have Accepted the 40-Year Offer.**

In his brief, Daugherty relied on "evidence" that an offer of 40 years was made, and that he testified at the November 2014 hearing that he was never made aware of the offer. *See* Appellant's Brief, pg. 13. Assuming that to be truthful, the "evidence" and "statements of counsel" proved otherwise.

During the November 7th hearing, Daugherty's counsel stated that the 40-year offer had been communicated to him:

> MS. SPRAGUE: -- put my two cents' worth in on that, on the offer and the counter that was made by Mr. Daugherty? This was made before he was indicted, that offer on any of the cases, three cases. The counter-offer was 15 years that was approved by Mr. Daugherty. That's what happened to the 40-year offer.

-12-

*See* Defendant's Exhibit 3, pg. 8. That proved communication of the offer.

As "evidence" above, the "statement of counsel" proved, or at least inferred, that the 40-year offer had been communicated to Daugherty before the State indicted him on the three cases. *See* Defendant's Exhibit 3, pg. 8. Instead of accepting that 40-year offer, the "statement[] of counsel" proved, or at least inferred, that Daugherty rejected that 40-year offer and approved a counter-offer for 15 years. *See* Defendant's Exhibit 3, pg. 8.

In addition to the "statement[] of counsel" above, the prosecutor stated in an e-mail dated November 13, 2014 that read in part:

> I also offered to go down to 40 if he would plead before we got to the grand jury date for the second and third cases. Mr. Daugherty said last week (at the Motion Withdraw hearing) that he never knew I'd offered 40. I'm not sure I believe that because Dianne [Sprague] told me a month ago that her client wanted to know if the 40 year offer was still on the table; I told her no. . . .

*See* CR (25928), pg. 96. That would corroborate Ms. Sprague's statement.

According to "the statements of counsel" above, Daugherty could not prove that he would have accepted the 40-year offer because the "evidence" established that the offer had been communicated to him, and that he rejected that offer by approving a counter-offer for 15 years. *See* Defendant's Exhibit 3, pg. 8. Thus, Daugherty could not satisfy the first

prong of the *Argent* test. *Cf. Piland*, 453 S.W.3d at 476. Further, Daugherty could not prove a "reasonable probability" of a different result or outcome. *See Piland*, 453 S.W.3d at 476 (the likelihood of a different result must be substantial). Accordingly, Daugherty's sole issue/point of error should be overruled.

D-2. **The Claim of Ineffective Assistance of Counsel Was Not Established Because the Evidence Proved that the Prosecution Withdrew the Offer.**

In his brief, Daugherty alleged that "[t]he record also establishes a reasonable probability that the state would not have withdrawn this offer." *See* Appellant's Brief, pg. 13. To the contrary, Daugherty's own counsel put her "two cents' worth in" to state that "[t]he counter-offer was 15 years that was approved by Mr. Daugherty. That's what happened to the 40-year offer." *See* Defendant's Exhibit 3, pg. 8.

As set forth above, Daugherty's counsel asked, "if the 40 year offer was still on the table" and the prosecutor stated in her November 13th e-mail, "I told her no." *See* CR (25928), pg. 96. Thus, Daugherty could not satisfy the second prong of the *Argent* test. *Cf. Piland*, 453 S.W.3d at 476. Similarly, Daugherty could not prove a "reasonable probability" of a different result or outcome. *See Piland*, 453 S.W.3d at 476 (the likelihood

of a different result must be substantial).  Again, Daugherty's sole issue/point of error should be overruled.

D-3.  **The Claim of Ineffective Assistance of Counsel Was Not Established Because No Evidence Was Presented that the Trial Court Would Have Accepted the Agreement.**

In his brief, Daugherty alleged that the record establishes a reasonable probability that the trial judge would have accepted the 40 year offer.  *See* Appellant's Brief, pg. 14.  However, there was nothing to establish or refute this allegation in the present case, as was the case in *Piland*.  *See id*.  As in *Piland*, Daugherty's briefing made no statement about the trial judge's practice, mental state or reaction to such an agreement.  *See id*.  In fact, here, the trial judge was Bill Harris, who was sitting in place of the presiding judge Eric Clifford, and there was no briefing about the practice of Judge Harris, who usually sits in the County Court at Law of Lamar County.

In conclusion, Daugherty could not satisfy the third prong (or any prong) of the *Argent* test.  *Cf. Piland*, 453 S.W.3d at 476.  Likewise, Daugherty could not prove a "reasonable probability" of a different result or outcome.  *See Piland*, 453 S.W.3d at 476 (the likelihood of a different result must be substantial).  Based on the rationale expressed above, Daugherty's sole issue/point of error should be overruled, and the final judgments of

conviction should be affirmed in all respects.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that upon final submission of the above-styled and numbered causes without oral argument, this Court affirm the trial court's final judgments of conviction in cause numbers 25928, 25958 and 25886; adjudge court costs against the appellant; and for such other and further relief, both at law and in equity, to which it may be justly and legally entitled.

Respectfully submitted,

Gary D. Young
Lamar County & District Attorney
Lamar County Courthouse
119 North Main
Paris, Texas   75460
(903) 737-2470
(903) 737-2455 (fax)

By:_____
        Gary D. Young, County Attorney
        SBN# 00785298
        gyoung@co.lamar.tx.us

**ATTORNEYS FOR THE STATE OF TEXAS**

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, the "Appellee's (State's) Brief" was a computer-generated document and contained 4160 words--not including the Appendix, if any. The undersigned attorney certified that he relied on the word count of the computer program, which was used to prepare this document.

_____
GARY D. YOUNG
gyoung@co.lamar.tx.us

## CERTIFICATE OF SERVICE

This is to certify that in accordance with Tex. R. App. P. 9.5, a true copy of the Appellee's (State's) Brief has been served on the 15th day of July, 2015 upon the following:

    Don Biard
    McLaughlin, Hutchison & Biard
    38 First Northwest
    Paris, TX   75460

_____
GARY D. YOUNG
gyoung@co.lamar.tx.us