

# NUMBER 13-18-00202-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JORGE GARZA A/K/A JOSE LUIS GALARZA BERNRDINO,**          **Appellant,**

**v.**

**THE STATE OF TEXAS,**          **Appellee.**

---

**On appeal from the 377th District Court
of Victoria County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

Appellant Jorge Garza a/k/a Jose Luis Galarza Bernrdino appeals from his conviction for aggravated assault with a deadly weapon, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (West, Westlaw through 2017 1st C.S.). By one issue, appellant argues he received ineffective assistance from his trial counsel. We affirm.

# I. BACKGROUND

On May 23, 2016, the State filed an amended indictment alleging appellant committed the offense of aggravated assault with a deadly weapon against a person with whom appellant had or previously had a dating relationship.  *See* TEX. FAM. CODE ANN. § 71.0021(b) (West, Westlaw through 2017 1st C.S.); TEX. PENAL CODE ANN. § 22.02(b)(1).  Appellant pleaded not guilty and proceeded to trial.

At trial, in his opening statement, defense counsel stated that appellant and the complainant had been in a relationship for over twenty-five years and argued appellant made "a tremendous bad mistake."  The State called multiple witnesses, including police officers, the complainant, and the complainant's daughter.  The evidence showed that appellant waited for the complainant at her place of work and attacked her with a hammer, striking her on the face multiple times.

During the complainant's testimony, the State requested permission from the trial court to elicit testimony regarding extraneous and prior instances of alleged violence by appellant against the complainant.  The State argued that defense counsel had opened the door to this testimony through his opening statement by arguing that appellant made a mistake.  Defense counsel did not object to this request and agreed to allow the State to proceed with that line of questioning.  Defense counsel noted that he did not believe the State would be able to corroborate the alleged extraneous offenses testified to by the complainant.  Subsequently, the complainant testified of the history of physical and verbal abuse between her and appellant.  Specifically, the complainant testified that appellant had pushed her and choked her in the past.

The jury charge included an instruction that the jury could not consider the extraneous offense evidence for any purpose unless they were convinced beyond a reasonable doubt that appellant had committed the extraneous offenses. The jury found appellant guilty and assessed punishment at twenty years' imprisonment in the Texas Department of Criminal Justice and a $10,000 fine. Appellant did not file a motion for new trial. This appeal followed.

## II. DISCUSSION

By his sole issue, appellant argues that he was provided with ineffective assistance of counsel in violation of the United States Constitution and the Texas Constitution. *See* U.S. CONST. amends. VI, XIV; TEX. CONST. art. I, § 10. Specifically, appellant argues that his defense counsel was ineffective because "he agreed to permit the [S]tate to foray into extraneous conduct not alleged in the indictment."

### A. Applicable Law and Standard of Review

A defendant in a criminal prosecution has a Sixth Amendment right to the effective assistance of counsel. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing U.S. CONST. amend. VI; TEX. CONST. art. I, § 10). We employ the United States Supreme Court's two-pronged *Strickland* test to determine whether counsel's representation was inadequate so as to violate a defendant's Sixth Amendment right. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Under that test, to prevail on a claim of ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that: (1) counsel's performance fell below the standard of reasonableness under prevailing professional norms; and (2) there is a

3

reasonable probability that, but for counsel's deficiency, taking into account the totality of the evidence before the judge or jury, the result of the trial would have been different. *Ex parte Martinez*, 330 S.W.3d 891, 900–01 (Tex. Crim. App. 2011); *see Strickland*, 466 U.S. at 687; *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009). Failure to show either deficient performance or sufficient prejudice under *Strickland* defeats a claim for ineffective assistance. *Thompson*, 9 S.W.3d at 813.

The burden is on the defendant to prove ineffective assistance of counsel by a preponderance of the evidence, and we review counsel's effectiveness by the totality of the representation, not by isolated acts or omissions. *Id.*; *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). To show deficient performance, the defendant must overcome the strong presumption that the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 100–101 (1955)); *see State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (en banc) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate"). If there is any basis for concluding that counsel's conduct was strategic, then further inquiry is improper. *See Morales*, 253 S.W.3d at 696; *Busby v. State*, 990 S.W.2d 263, 268 (Tex. Crim. App. 1999) ("Judicial scrutiny of counsel's performance must be highly deferential"). "[W]e commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

4

Normally, the presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct. *Thompson*, 9 S.W.3d at 813–14; *Busby*, 990 S.W.2d at 269; *see Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc). The Texas Court of Criminal Appeals has said numerous times that "a reviewing court on direct appeal will rarely be able to fairly evaluate the merits of an ineffective-assistance claim, because the record on direct appeal is usually undeveloped and inadequately reflective of the reasons for defense counsel's actions at trial." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallet v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson*, 9 S.W.3d at 813–14. "The lack of a clear record usually will prevent the appellant from meeting the first part of the *Strickland* test, as the reasonableness of counsel's choices and motivations during trial can be proven deficient only through facts that do not normally appear in the appellate record." *Mata*, 226 S.W.3d at 430. Thus, claims of ineffective assistance of counsel are better suited to an application for writ of habeas corpus or motion for new trial where the record can be developed to include defense counsel's insight into his decisions. *Jackson*, 877 S.W.2d at 772 & n.3; *see Mata*, 226 S.W.3d at 430.

## B.    Analysis

Appellant only complains of his defense counsel's failure to object to the introduction of the alleged extraneous offenses that involved appellant and the complainant. Here, appellant did not file a motion for new trial and brought his ineffective assistance claim on direct appeal. Therefore, the record is silent as to why appellant's

trial counsel chose to not object to the complainant's testimony regarding the extraneous offenses.

We note that an attorney is not required to make frivolous objections to avoid a claim of ineffective assistance of counsel. *See Brennan v. State*, 334 S.W.3d 64, 74 (Tex. App.—Dallas 2009, no pet.); *Edmond v. State*, 116 S.W.3d 110, 115 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). And an opening statement can open the door for the presentation of extraneous evidence to rebut the defensive theory put forth in the opening statement. *See Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008); *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003); *Knight v. State*, 457 S.W.3d 192, 202 (Tex. App.—El Paso 2015, pet. ref'd) ("By raising a defensive theory, the defendant 'opens the door' for the State to offer rebuttal testimony regarding an extraneous offense if the extraneous offense has characteristics common with the offense for which the defendant was on trial."); *see also* TEX. R. EVID. 404(b)(2) (providing that extraneous offenses may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). If a defendant raises a defense of "it was an accident" or "it was inadvertent," the State may rebut the defense with evidence of other conduct by the defendant which tends to show that his actions on those occasions, and hence on this occasion as well, were not mistaken, inadvertent, or accidental. *Johnston v. State*, 145 S.W.3d 215, 222 (Tex. Crim. App. 2004).

Here, during defense counsel's opening statement, defense counsel argued that the appellant made "a tremendous bad mistake," which insinuated that the incident was a one-time lapse of judgment. The complainant's testimony regarding the extraneous offenses established that appellant had a history of verbally and physically abusing the

6

complainant, which rebutted appellant's defensive theory. *See id.*; *Gillette v. State*, 444 S.W.3d 713, 734 (Tex. App.—Corpus Christi 2014, no pet.). Thus, any objection would have been denied. *See* TEX. R. EVID. 404(b)(2); *Moses*, 105 S.W.3d at 626; *Knight*, 457 S.W.3d at 202. Therefore, defense counsel's failure to object in this case cannot be seen as so outrageous that no competent attorney would have taken it, and we must presume that the decision was a strategic one. *See Andrews*, 159 S.W.3d at 101; *see also Strickland*, 466 U.S. at 689. Accordingly, based on this silent record, appellant has failed to rebut the presumption that this was a reasonable decision and part of defense counsel's strategy. *See Mata*, 226 S.W.3d at 431; *Thompson*, 9 S.W.3d at 814; *Saenz v. State*, 103 S.W.3d 541, 545 (Tex. App.—San Antonio 2003, pet. ref'd). "Failure to make the required showing of . . . deficient performance . . . defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700. We reject appellant's claim that his trial counsel rendered ineffective assistance by failing to object to the complainant's testimony regarding extraneous offenses.

We overrule appellant's sole issue.

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of April, 2019.

7