**Opinion issued May 7, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-18-00945-CR**

———————————

**MARK MICHAEL RICHARDSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1557527**

**O P I N I O N**

Mark Michael Richardson appeals his felony conviction for driving while intoxicated. *See* TEX. PENAL CODE §§ 49.04(a) (defining the offense of driving while intoxicated), 49.04(b) (establishing that the offense is a third-degree felony if the defendant has two prior driving while intoxicated convictions). He argues that

he received ineffective assistance of counsel, the court denied his right to due process, and a $100 court cost levied against him is unconstitutional. We modify the judgment and bill of costs to remove the $100 court cost and affirm the judgment as modified.

## Background

A Harris County Sheriff's Deputy stopped Richardson for multiple traffic violations, such as driving without headlights, failure to signal lane changes multiple times, and speeding at 90 miles per hour. Richardson had red glassy eyes, slurred speech, and a strong odor of an alcoholic beverage. He admitted that he had consumed alcohol prior to driving, but he said he only had three drinks. He displayed poor balance, difficulty complying with instructions, and became agitated. He refused to provide a breath or blood specimen. After law enforcement obtained a warrant, testing revealed his blood alcohol level was .164. The sample was taken more than three hours after he was stopped.

A grand jury indicted Richardson for the felony offense of driving while intoxicated. In November 2017, while represented by an appointed attorney, he pleaded guilty without an agreed punishment recommendation. In December 2018, Richardson's hired counsel substituted in for his appointed counsel. On January 31, 2018, an associate from the firm he hired appeared at the punishment hearing. The associate stated that he did not intend to proceed with the hearing that day because

2

he felt it would not be effective for his client. He moved to recuse the trial court claiming bias because the trial court had reviewed the presentence report before the punishment hearing and because the trial court had stated before hearing witnesses that it would likely impose a sentence higher than the State's suggestion. The trial court denied Richardson's oral motion, stating that Richardson's counsel was only trying to delay the proceeding, and the court reset the punishment hearing for the following week.

Richardson filed a motion to recuse the trial court, attaching the record from the hearing and an affidavit from his attorney. The trial court denied the motion and referred the matter to an administrative judge for hearing. In late April 2018, Richardson filed a motion to withdraw his plea, which the court later denied. In July 2018, the administrative judge heard the recusal motion. Another associate from the same law firm appeared at the hearing. He claimed that he would be ineffective if the hearing proceeded because he had not prepared for the hearing and did not have notice of it. He stated that the associate who previously represented Richardson had left the firm. The court responded that the law firm had been called earlier in the week and agreed to the hearing date. The court denied the attorney's oral motion for a continuance. The court afforded Richardson's counsel an opportunity to review the relevant documents and information, held the hearing, and denied the motion. In September 2018, the trial court held a

punishment hearing and assessed punishment at 6 years' imprisonment. Richardson appeals.

## Due Process

In his first issue, Richardson complains that he was denied the due process right to a neutral judge at the recusal hearing because the court proceeded with the hearing despite his counsel's claim of prospective ineffectiveness. We disagree.

### A.     Standard of Review

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1; *see also* TEX. CONST. art. I, § 19 ("No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."). "A fair trial in a fair tribunal is a basic requirement of due process." *Avilez v. State*, 333 S.W.3d 661, 673 (Tex. App.—Houston [1st Dist.], pet. ref'd) (internal quotation and citation removed). A trial court's impartiality can be compromised when the judge exhibits hostility toward the defendant or his lawyer. *Id.* at n.26. But not every complaint about a judge or the conduct of a proceeding implicates constitutional due process protections. *Id.* at 673. Most matters relating to judicial conduct within the discretion afforded the court do not rise to a constitutional level. *Id.* at 675.

Richardson's principal complaint is that the trial court did not continue the hearing, interfering with his counsel's ability to prepare. The record reflects that, though Richardson moved for recusal in January 2018 and the motion was denied in February, the hearing before the administrative judge did not take place until July 2018. When counsel appeared and stated that he would be ineffective if the hearing was held as scheduled because he was not prepared, the court informed him that the firm had been called to schedule the hearing in advance and agreed that the date was satisfactory. Rather than continuing the hearing, the trial court allowed counsel time to review documents in the case. The record does not reflect that the trial court interfered with Richardson's ability to prepare for the hearing.

Richardson also suggests that the trial court asked counsel if he was making an oral motion for a continuance and then denied that motion, knowing that an oral motion would not preserve the issue for appellate review. This allegation is unsupported by the record. "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and a trial court's opinion would not constitute bias unless it derives from 'an extrajudicial source . . . [or] reveals[s] such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Avilez*, 333 S.W.3d at 675 (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)). We hold that the record does not clearly demonstrate bias or

5

a violation of Richardson's due process rights. We overrule Richardson's first issue.

## Ineffective Assistance of Counsel

In his second and third issues, Richardson contends that he received ineffective assistance of counsel. In his second issue, he asserts that he should receive a new trial because his original attorney rendered ineffective assistance, causing him to plead guilty. Specifically, Richardson argues that she did not perform an adequate investigation and did not file motions in the case. In his third issue, Richardson contends that he received ineffective assistance from his attorney at the recusal hearing because the attorney did not call a witness and did not file a proper motion for continuance. We disagree.

### A.     Standard of Review

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). The defendant bears the burden of proof on both issues, and failure to make either showing by a preponderance of the evidence will defeat his ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Under the first *Strickland* prong, any judicial review of whether counsel's performance was deficient must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Id.* We begin by presuming that trial counsel performed within professional norms. *Id.* We do not assume that counsel lacked a sound reason for making the choices he did; on the contrary, the defendant must demonstrate that no plausible reason exists for a particular act or omission. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); *Toledo v. State*, 519 S.W.3d 273, 287 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone*, 77 S.W.3d at 833. In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

Usually under the second *Strickland* prong, a defendant must show that there is a reasonable probability that but for his counsel's deficient performance, the

result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. But when counsel's deficient performance might have caused the waiver of a proceeding, the defendant's burden is to demonstrate a reasonable probability that the deficient performance caused the defendant to waive a judicial proceeding that he was otherwise entitled to have. *Miller v. State*, 548 S.W.3d 497, 499–500 (Tex. Crim. App. 2018). The focus is on the defendant's decision making. *Id.* When a defendant argues that his counsel did not properly advise him before he pleaded guilty, the defendant must show a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* (citing *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017)). While the "different outcome" standard under *Strickland* is relevant to the extent it sheds light on whether the deficient performance really did affect the defendant's decision making, it is not the measure of prejudice. *Miller*, 548 S.W.3d at 500. A reasonable probability is probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Id.* at 697.

## B.     Assistance before Guilty Plea

Richardson complains that his plea is "tainted" because his attorney was unable to advise him. Specifically, he claims that she did not investigate, did not

file motions, and did not call a potential witness. He suggests that had she investigated, she would have been aware of blood test results and a potential exculpatory witness.

Based on the record, we are unable to determine that trial counsel's pre-plea investigation fell below an objective standard of reasonableness.[1] As a general matter, no reasonable trial attorney would wholly fail to investigate the facts of a case. *See Ex parte Wellborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Richardson does not point to any evidence in the record showing that trial counsel failed to investigate the facts of this case, and we have found nothing in the record to support that contention. There is nothing in the record to support that counsel was unaware of any blood test results. There is also nothing in the record to indicate that counsel was either aware or unaware of a potential exculpatory witness. Richardson, however, was aware of the witness, and it is reasonable that counsel became aware of his existence during her representation.

Similarly, Richardson alleges that his counsel was ineffective for failing to file motions. In general, counsel's failure to file pretrial motions does not result in ineffective assistance. *See Martinez v. State*, 449 S.W.3d 193, 208 (Tex. App.—

---

[1] The record reflects that the attorney happened to be in the courtroom on another matter during the punishment hearing. The attorney testified during the PSI hearing, but the court stated that she was testifying regarding punishment, not her effectiveness. The court stated that it was not given notice that she would be a testifying witness and only granted the opportunity because she was in the courtroom.

Houston [1st Dist.] 2014, pet. ref'd). Richardson does not identify any particular motion that his counsel should have filed.

Even if counsel's representation was deficient, Richardson has not shown that such deficiency caused him to forego his right to a trial by jury. *See Miller*, 548 S.W.3d at 502. Though not dispositive, the relative strengths and weaknesses of a case are relevant to determining whether the defendant would have invoked the right to trial by jury. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (stating in a guilty plea case where the alleged error is failure to investigate, the determination whether the defendant was prejudiced by causing him to plead guilty will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea, which turns on whether it would change the outcome of a trial).

The evidence against Richardson was strong. He was stopped for multiple traffic violations, such as driving without headlights, failure to signal lane changes multiple times, and speeding at 90 miles per hour. Law enforcement observed that he had red glassy eyes, slurred speech, and a strong odor of an alcoholic beverage. He admitted that he had consumed alcohol prior to driving, but he said he only had three drinks. He displayed poor balance, difficulty complying with instructions, and became agitated. He refused to provide a breath or blood specimen. After law

enforcement obtained a warrant, testing revealed his blood alcohol level was .164. The sample was taken more than three hours after he was stopped.

Richardson claimed that he blacked out and was suffering from a medical condition, but the evidence to support blacking out was also consistent to support consumption of alcohol. It also does not account for the various signs of alcohol intoxication and his blood alcohol level.

Richardson's decision to plead guilty is also supported by the fact that because of his criminal record, only the trial court, not the jury, could sentence him to probation. TEX. CODE CRIM. PROC. art. 42A.0055(b)(1) (a defendant is ineligible for community supervision recommended by a jury if he has been previously convicted of a felony). Additionally, Richardson claims he did not know that he was pleading guilty, but the record indicates otherwise. When he pleaded guilty, Richardson acknowledged on the record that he had reviewed the paperwork with his trial counsel, and that he was pleading guilty.

Richardson has not met his burden to prove that his counsel's performance was deficient or that he was prejudiced by his counsel's performance. We overrule his second issue.

## C.    Assistance at Recusal Hearing

Richardson contends that he received ineffective assistance during the recusal hearing before the administrative judge. Specifically, he claims that his

11

counsel at that time was ineffective for not calling a previous attorney as a witness and for failing to preserve his motion for continuance. We disagree.

Richardson claims that recusal counsel was ineffective for failing to call his previous attorney as a witness at the recusal hearing, but Richardson has not shown how the outcome of the hearing would have been different if the attorney had testified. A claim of ineffective assistance of counsel based on counsel's failure to call witnesses fails in the absence of a showing that such witnesses were available to testify and that the defendant would have benefitted from their testimony. *Brennan v. State*, 334 S.W.3d 64, 79 (Tex. App.—Dallas 2009, no pet.) (citing *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004)). The witness that Richardson claims counsel should have called was an attorney who filed the motion to recuse and subsequently left the law firm representing Richardson. Even assuming the attorney was available, the record does not reflect what additional testimony he would have presented that was not included in the motion or his accompanying affidavit. Both the affidavit and a transcript of the prior proceeding were attached to Richardson's motion to recuse. The recusal court stated that these materials had been considered when it denied the motion. Richardson has not stated what details additional testimony would have provided. He has not met his burden to show ineffective assistance on this ground.

Richardson also claims that the attorney was ineffective for failing to properly file a motion for continuance. Recusal counsel made an oral request for a continuance, which was denied. "A motion for continuance not in writing and not sworn preserves nothing for review." *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999). To establish ineffective assistance of counsel, the appellant must demonstrate that the trial court would have erred in denying a properly filed written motion. *See Vaughn v. State*, 888 S.W.2d 62, 74 (Tex. App.—Houston [1st Dist.] 1994) *aff'd*, 931 S.W.2d 564, 567 (Tex. Crim. App. 1996) (holding that to prove ineffectiveness for failure to object, defendant must demonstrate that the trial court would have erred in overruling the objection). Appellate courts review the trial court's decision to deny a motion for continuance for abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). A defendant must show that he was actually prejudiced by the denial of the motion. *Id.*

Richardson has not met his burden to show that he was entitled to a continuance and that the court would have abused its discretion if it denied a written continuance. The court allowed the attorney representing Richardson to review the relevant documents before proceeding with the hearing. Counsel did not alert the trial court that he was given insufficient time to do so nor did he state specifically how he would be prospectively ineffective if the hearing proceeded. The record does not demonstrate a sufficient reason to seek a continuance or what

would have happened if additional time would have been given. Therefore, Richardson has not shown that he was prejudiced by his attorney's failure to file a written motion. *Id*. We overrule Richardson's third issue.

**Constitutionality of Court Cost**

In his fourth issue, Richardson alleges that the "EMS Trauma Fund" cost is facially unconstitutional because it does not relate to the administration of the criminal-justice system. A facial challenge is an attack on the statute itself as opposed to a particular application. *Salinas v. State*, 523 S.W.3d 103, 106 (Tex. Crim. App. 2017). It is a challenge to the statute in all its applications. *Id.* Richardson's facial constitutional challenge is grounded on separation of powers between the branches of government, which the Texas Constitution expressly guarantees. TEX. CONST. art. II, §1. "One way the Separation of Powers provision is violated is when one branch of government assumes or is delegated a power more properly attached to another branch." *Salinas*, 523 S.W.3d at 106–07 (internal quotation and citation removed). Although courts may not operate as tax gatherers, which is a function reserved to the executive branch, "courts may collect fees in criminal cases as part of its judicial function 'if the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimately criminal justice purposes.'" *Casas*

*v. State*, 524 S.W.3d 921, 926 (Tex. App.—Fort Worth 2017, no pet.) (quoting *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015).

The version of the statute authorizing the cost in effect at the time imposed an additional $100 court cost upon conviction for an intoxication offense to be allocated for emergency-medical services, trauma facilities, and trauma-care systems. Act of June 1, 2003, 78th Leg., R.S., ch. 1213, § 4, 2003 Tex. Sess. Law Serv. Ch. 1213, *amended by* Act of May 5, 2011, 82nd Leg., R.S., ch. 91, § 6.007, 2011 Tex. Sess. Law Serv. Ch. 91. (This statute was again amended in 2019. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 2.38, 2019 Tex. Sess. Law. Serv. Ch. 1352, current version at TEX. CODE CRIM. PROC. art. 102.0185). Attendant statutes direct the comptroller to deposit the monies collected in an account in the general revenue fund established for the same services, facilities, and systems. *Id.*; *see also* TEX. HEALTH & SAFETY CODE § 773.006(a). The commissioner of state health services is directed to use the monies deposited in the reserved account "to fund county and regional emergency medical services, designated trauma facilities, and trauma care systems" in accordance with certain statutory percentages and to maintain a $500,000 reserve. TEX. HEALTH & SAFETY CODE § 773.122(a)–(f).

Richardson urges us to follow the Fort Worth and Texarkana Courts of Appeals, which relied on *Salinas* and held that the prior version of article 102.0185 of the Code of Criminal Procedure, directing the collection of the $100 "EMS

15

Trauma Fund" cost, is unconstitutional. *See Casas*, 524 S.W.3d at 927; *see also Waddell v. State*, No. 02-14-00372-CR, 2017 WL 4819373, at *1 (Tex. App.—Fort Worth Oct. 26, 2017, no pet.) (mem. op., not designated for publication); *Robinson v. State*, No. 06-17-00082-CR, 2017 WL 4655107, at *4 (Tex. App.—Texarkana Oct. 18, 2017, pet. ref'd) (mem. op., not designated for publication). In *Casas*, the Fort Worth Court of Appeals held that the statute was unconstitutional because the Legislature did not explicitly direct that the funds be used for criminal-justice purposes and reasoned that it was insufficient that some of the money collected could ultimately be spent on a legitimate criminal-justice purpose, such as victims of a drunk-driving accident. *Casas*, 524 S.W.3d at 927 (quoting *Salinas*, 523 S.W.3d at 107–109).

We agree with our sister courts of appeals. The former version of article 102.0185 of the Code of Criminal Procedure is facially unconstitutional because neither the statute nor its attendant statutes explicitly direct that the court cost collected be used for a criminal-justice purpose. *See Casas*, 524 S.W.3d at 927. We sustain Richardson's fourth issue.

## Conclusion

We modify the trial court's bill of costs to subtract the $100 "EMS Trauma Fund" cost from the $414.00 assessed and affirm the judgment of the trial court as modified.


Peter Kelly
Justice

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

Publish. TEX. R. APP. P. 47.2(b).

17